DAVID PARISI - SBN 162248
dcparisi@parisihavens.com
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299

JAY EDELSON
jedelson@edelson.com
MICHAEL J. ASCHENBRENER
maschenbrener@edelson.com
BENJAMIN H. RICHMAN
brichman@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated,<br><br>                 Plaintiff,<br><br>v.<br><br>PALM, INC., a Delaware corporation, and SPRINT NEXTEL CORP., a Kansas corporation,<br><br>                 Defendants. | Case No. 09-cv-5719-JW<br><br>**STIPULATION RE SUBSTITUTION OF PARTIES**<br><br>Action Filed: December 4, 2009 |

1  IT IS HEREBY STIPULATED by and between:

2      Plaintiff Jason Standiford, an individual, on behalf of himself and all others similarly
3  situated ("Plaintiff"), defendant, Palm, Inc., and defendant Sprint Spectrum L.P., erroneously
4  named as Sprint Nextel Corporation ("Sprint"), through their undersigned counsel, as follows:

5      WHEREAS, on December 4, 2009, Plaintiff filed a complaint naming, among others,
6  Sprint Nextel Corporation as a party-defendant;

7      WHEREAS, by stipulation of the parties, Defendants have until February 10, 2010 to
8  answer, respond, or otherwise plead to Plaintiff's complaint;

9      WHEREAS, Plaintiff has been advised that Sprint Nextel Corporation contends there is no
10 personal jurisdiction over it in California and it was improperly named as a party-defendant in this
11 case in that it has had no involvement in the matter that allegedly forms the basis for Plaintiff's
12 alleged claims;

13     WHEREAS, Plaintiff has advised Sprint Nextel Corporation that without waiving and
14 expressly reserving his right to name at a later time Sprint Nextel Corporation as a party-defendant
15 should Plaintiff have a good faith basis to do so, Plaintiff agrees to dismiss the complaint without
16 prejudice as to Sprint Nextel Corporation, and name Sprint Spectrum L.P. as a party-defendant;

17     WHEREAS, Sprint Nextel Corporation has advised Plaintiff that it will not object on the
18 basis of this stipulation or the dismissal contemplated hereby to any later attempt by Plaintiff to
19 name Sprint Nextel Corporation as a party-defendant in this matter, subject to Sprint Nextel's right
20 to assert all defenses available to it, including, without limitation, lack of personal jurisdiction;

21     WHEREAS, Plaintiff, Sprint Nextel Corporation (appearing specially), and Sprint
22 Spectrum L.P. agree that Plaintiff's complaint shall be deemed filed against Sprint Spectrum L.P.,
23 all allegations relating to Sprint Nextel Corporation shall be deemed to relate to Sprint Spectrum
24 L.P., and the caption of the complaint shall be amended to name Sprint Spectrum L.P. in place of
25 "Sprint Nextel Corp.";

26     WHEREAS, Plaintiff agrees that Sprint Spectrum L.P. shall answer, respond, or otherwise
27 plead to the complaint in Sprint Nextel Corporation's stead;

28

1    **NOW THEREFORE**, the Parties, through their counsel of record, hereby stipulate and
2 agree as follows:
3    1.    This stipulation does not constitute a waiver of, or otherwise impair, Plaintiff's
4 right to name at a later time Sprint Nextel Corporation as a party-defendant should Plaintiff have a
5 good faith basis to so name Sprint Nextel Corporation as a party-defendant.  Sprint Nextel
6 Corporation hereby stipulates and agrees that any amended pleading so naming it as a party-
7 defendant (a) shall relate back to the original filing of this action, and (b) may be served upon
8 counsel for Sprint Spectrum L.P. and thus constitute valid service upon Sprint Nextel Corporation.
9    2.    Plaintiff's complaint is hereby dismissed without prejudice as to defendant Sprint
10 Nextel Corporation on the conditions set forth above in paragraph 1 of this stipulation.
11    3.    This stipulation does not constitute a waiver of, or otherwise impair, any defenses
12 Sprint Nextel Corporation may raise against this action, including, without limitation, lack of
13 personal jurisdiction.
14    4.    Sprint Spectrum L.P. is hereby named as a party-defendant in this matter, all
15 allegations relating to Sprint Nextel Corporation shall be deemed to relate to Sprint Spectrum L.P.,
16 and the caption of the complaint shall be amended to name Sprint Spectrum L.P. in place of
17 "Sprint Nextel Corp."  Plaintiff's complaint shall be deemed filed against and served upon Sprint
18 Spectrum L.P.
19    //
20    //
21    //
22    //
23    //
24    //
25    //
26    //
27
28

5. Sprint Spectrum L.P. and Palm, Inc. shall answer, respond or otherwise plead to Plaintiff's complaint on or before February 12, 2010.

Dated: February 10, 2010

EDELSON MCGUIRE, LLC

By: s/ Michael J. Aschenbrener
    MICHAEL J. ASCHENBRENER

Attorneys for Plaintiff

Dated: February 10, 2010

SHEPPARD MULLIN RICHTER & MULLIN LLP

By: s/ Peter Hecker
    PETER HECKER

Attorneys for Defendant Palm, Inc., Defendant Sprint Spectrum L.P., and Specially Appearing Defendant Sprint Nextel Corporation

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February 17, 2010

_____
HON. JAMES WARE
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

The undersigned certifies that, on February 10, 2010, he caused the document titled STIPULATION RE SUBSTITUTION OF PARTIES to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

s/ David C. Parisi

David C. Parisi
