DAVID C. PARISI - SBN 162248
dcparisi@parisihavens.com
SUZANNE HAVENS BECKMAN – SBN 188814
shavens@parisihavens.com
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299

JAY EDELSON
jedelson@edelson.com
MICHAEL J. ASCHENBRENER
maschenbrener@edelson.com
BENJAMIN H. RICHMAN
brichman@edelson.com
CHRISTOPHER L. DORE
cdore@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

*Attorneys for Plaintiff Jason Standiford*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PALM, INC., a Delaware corporation, and SPRINT SPECTRUM L.P., a Delaware limited partnership, and DOES 1 – 50, inclusive, <br><br> Defendants. | Case No. 09-cv-05719-LHK <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

1

## NOTICE OF MOTION

2      NOTICE IS HEREBY GIVEN that the Plaintiff will move the Court, pursuant to Federal

3  Rule of Civil Procedure 23(e) to grant preliminary approval of a proposed settlement in this

4  consumer class action on March 3, 2011 at 1:30 P.M., or at such other time as may be set by the

5  Court, at 280 South 1st Street, San Jose, CA 95113, Courtroom 4, before the Honorable Lucy

6  Koh.

7      The Plaintiff seeks preliminary approval of this class action settlement, certification of the

8  proposed class, and appointment of the Plaintiff and his counsel as class representatives.  The

9  Motion is based on this Notice of Motion, the Brief in Support of the Motion and the authorities

10 cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Table of Contents

I.   NATURE OF THE LITIGATION ......................................................................... 1

A.  Summary of the Litigation, Mediation & Settlement ............................. 2

B.  Defendants' Position ................................................................................... 3

II.   TERMS OF THE SETTLEMENT ....................................................................... 3

A.  Class Definition .......................................................................................... 3

B.  Individual Class Member Benefits ............................................................ 3

C.  Additional and Prospective Relief ............................................................ 4

D.  Cy Pres ........................................................................................................ 4

E.  Other Relief ................................................................................................ 5

    1.  *Payment of Notice and Administrative Fees* .................................. 5

    2.  *Compensation for the Class Representative* .................................. 5

    3.  *Payment of Attorneys' Fees and Expenses* ................................... 5

F.  Release ......................................................................................................... 5

III.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED ................... 6

A.  The Requirement of Numerosity Is Satisfied .......................................... 6

B.  The Requirement of Commonality is Satisfied ........................................ 7

C.  The Requirement of Typicality is Satisfied .............................................. 7

D.  The Requirement of Adequate Representation is Satisfied ..................... 8

E.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3) .......... 8

IV.   THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS
     COUNSEL .......................................................................................................... 9

V.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY
     APPROVAL ........................................................................................................ 10

VI.   THE PROPOSED PLAN OF CLASS NOTICE ................................................... 12

VII.   PROPOSED PRELIMINARY SCHEDULE ........................................................ 13

A.  Relative Dates Set Forth in the Settlement Agreement ......................... 13

B.  Proposed Dates Set Forth in the [Proposed] Preliminary Approval Order ......... 14

VIII.   CONCLUSION .................................................................................................... 15

1

## **Table of Authorities**

2

**United States Supreme Court Cases:**

3

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997) ................................................. 6

4

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .................................................... 6

5

**United States Circuit Court of Appeals Cases:**

6

*Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*, 616 F.2d 305 (7th Cir. 1980) ................. 11

7

*Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168 (9th Cir. 2007)
*affirmed as to certification*, 603 F.3d 571 (9th Cir. 2010). ......................................... 7

8

9

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ......................................... 8, 11

10

*In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995) ...................................... 11

11

*In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) .......................................... 11

12

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ............................ 11

13

*Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008) .......................................... 9

14

*Wolin v. Jaguar Land Rover North Am. LLC*, 617 F.3d 1168 (9th Cir. 2010) ......................... 8, 9

15

**United States District Cases:**

16

*Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544 (N.D. Cal. 2007) ................................... 6, 7

17

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ........................ 10, 11

18

*In re T-Mobile Sidekick Litigation*, (09-cv-04854-JW) (N.D. Cal. Dec. 20, 2010) ..................... 12

19

**Miscellaneous:**

20

Alba & Conte, 4 NEWBERG ON CLASS ACTIONS (4th ed. 2002) ............................... 10, 13

21

Fed. R. Civ. P. 23 (2007) ...........................................................................*passim*

22

MANUAL FOR COMPLEX LITIGATION (3d ed. 1995) .......................................... 10

23

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) ..................................... 6, 11

24

25

26

27

28

## MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This class action seeks recovery for Defendants Palm, Inc. and Sprint Spectrum L.P.'s alleged false and misleading statements regarding the Palm WebOS mobile phone platform's ability to store and back-up user data.  Plaintiff Jason Standiford's Class Action Complaint alleged that Defendants' conduct violated state and federal laws, as well as common law causes of action. Defendants deny any wrongful conduct.  The Parties have engaged in substantial negotiations and in-person discussions and reached a settlement following three full days of mediation conducted by the Honorable Ronald M. Sabraw (Ret.).  The Parties' agreement creates a Settlement Fund of $640,000 from which Settlement Class Members will be able make claims in the amounts of $20 or $30 to be used at the HP Online Store, the Palm Online Store, or as a credit on a Settlement Class Member's Sprint phone bill.  The Settlement Agreement provides that there will be no reverter and any monies remaining in the Settlement Fund will be distributed to one or more *cy pres* recipients.  Defendants will also provide a dedicated email address for Settlement Class Members to contact Defendant Palm with any webOS technical issues relating to this Settlement or the Action, for twelve (12) months, as well as a declaration under penalty of perjury describing the nature of the data access issue or issues giving rise to the allegations in Plaintiff's Complaint, steps taken to address those issues, and that to the best of Defendants' knowledge, the issues have been resolved.

Given the hurdles facing Plaintiff in this litigation, the results achieved are well beyond those required to preliminarily approve the settlement.  Plaintiff thus moves the Court to preliminarily approve the instant settlement, certify the settlement Class, appoint Jason Standiford as Class Representative, and appoint Michael Aschenbrener, Benjamin Richman, and Christopher Dore of Edelson McGuire LLC as Class Counsel.  For convenience, a proposed schedule of events leading to a final approval hearing is provided in Section VII of this brief.

1    **I.        NATURE OF THE LITIGATION**

2           **A.        Summary of the Litigation, Mediation & Settlement.**

3                   On December 4, 2009, Plaintiff brought this action individually and on behalf of a Class of

4    all United States residents alleging Defendants' made false and misleading statements about the

5    Palm WebOS platform's ability to store and back-up user data for their mobile phones, and

6    Defendants' failure to store and back-up Plaintiff's personal data as promised.  (*See* Declaration of

7    Michael Aschenbrener ¶ 2, a true and accurate copy of which is attached as Exhibit 2).  The

8    Complaint alleged causes of action for violations of the California Consumers Legal Remedies

9    Act (Cal. Civ. Code §§ 1750 et seq.), the California Unfair Competition Law (Cal. Bus. and Prof.

10   Code § 17200), and the California False Advertising Law (Cal. Bus. and Prof. Code § 17500).

11   Plaintiff additionally alleged that Defendants' conduct constituted breach of contract and

12   negligence.  (*See* Plaintiff's Complaint, Dkt. No. 1.) (Aschenbrener Decl. ¶ 3).

13                  On June 2, 2010, 2010, counsel for the parties met in person for mediation with the

14   assistance of the Honorable Ronald M. Sabraw (Ret.) of JAMS.  (Aschenbrener Decl. ¶ 5).  Under

15   the direction of Judge Sabraw, the Parties engaged in settlement negotiations but were unable to

16   reach a resolution at that time.  (Aschenbrener Decl. ¶ 5).  Following the initial mediation, the

17   Parties continued negotiations with the assistance of Judge Sabraw.  However, the Parties did not

18   reach agreement.  (Aschenbrener Decl. ¶ 6).

19                  On September 24, 2010, Plaintiff filed his First Amended Complaint.  (Aschenbrener Decl.

20   ¶ 4) (Dkt. No. 41.)  Thereafter, in late September 2010, the Parties again agreed to mediation with

21   Judge Sabraw.  (Aschenbrener Decl. ¶ 7).  On October 26, 2010, the Parties met in San Francisco

22   with Judge Sabraw at the JAMS office for a second mediation.  (Aschenbrener Decl. ¶ 8).  After

23   two full days of extensive mediation including discussions reaching late into the evenings, in

24   addition to a full day of mediation taking place on June 2, 2010, the Parties signed a detailed

25   memorandum of understanding on October 27, 2010.  (Aschenbrener Decl. ¶ 9).  On January 13th

26   and 14th of 2011, all Parties signed the instant settlement agreement for which they now seek

27

28

1  approval.  (*See* Settlement Agreement, a true and accurate copy of which is attached hereto as

2  Exhibit 1.)

3  **B.   Defendants' Position.**

4  At all times, Defendants have denied and continue to deny any wrongdoing whatsoever or

5  that they committed, or have attempted to commit, any wrongful acts or violations of law or duty,

6  including, but not limited to, those alleged in the Amended Complaint. (Aschenbrener Decl. ¶ 11).

7  Defendants contend that they have acted properly and therefore deny that Standiford or the

8  Settlement Class have been injured in the manner alleged in Plaintiff's Amended Complaint.

9  (Aschenbrener Decl. ¶ 12).  In addition, Defendants have and continue to maintain that they have

10 meritorious defenses to all claims alleged in the Amended Complaint and were and are prepared to

11 vigorously defend all claims asserted in this litigation as well as oppose class certification.

12 (Aschenbrener Decl. ¶ 13).

13 **II.   TERMS OF THE SETTLEMENT**

14 As set forth in the Settlement Agreement, Defendants have agreed to provide a $640,000

15 Settlement Fund to pay all Settlement Administration Expenses, taxes on earnings of the

16 Settlement Fund, Approved Claims, the incentive award to the Representative Plaintiff, the Fee

17 Award, and *cy pres* payments, if any.  The key terms of the settlement are as follows:

18 **A.   Class Definition.**

19 The Settlement Agreement defines the Settlement Class as follows:

20 All Persons and entities in the United States who (1) created Palm Profiles for
21 use with Palm Services and their Palm webOS-based mobile phones, and
   (2) stored data on Palm's servers via their Palm webOS-based mobile phones.
22 Excluded from the Class are Defendants, their legal representatives, assigns,
   and successors, and any entity in which Defendants have a controlling
   interest.  Also excluded are any judges to whom this case is or has been
23 assigned and those judges' immediate families.

24 **B.   Individual Class Member Benefits.**

25 **1.   *Permanent Data Inaccessibility (Exhibit 1, § 2.1(A).)***

26 Each Settlement Class Member who experienced Permanent Data

27 Inaccessibility and who has an Approved Claim shall receive:

28

1                                       i.       An HP Official (online) Store redemption code worth $30,

2   which may be redeemed in a single transaction and is fully

3   transferrable;  Or,

4   ii.      A Palm (online) Store redemption code worth $30, which

5   may be redeemed in a single transaction and is fully transferrable;

6   Or,

7   iii.     A Sprint bill credit in the amount of $30.

8   **2.**    *Temporary Data Inaccessibility (Exhibit 1, § 2.1(B).)*

9   Each Settlement Class Member who experienced Temporary Data

10   Inaccessibility and who has an Approved Claim shall receive:

11   i.       An HP Official (online) Store redemption code worth $20,

12   which may be redeemed in a single transaction once and is fully

13   transferrable; Or,

14   ii.      A Palm (online) Store redemption code worth $20, which

15   may be redeemed in a single transaction and is fully transferrable;

16   Or,

17   iii.     A Sprint bill credit in the amount of $20.

18   **C.**     **Additional and Prospective Relief**

19   (a)     In fulfillment of this Settlement Agreement, Defendants agree to provide a

20   dedicated email address for Settlement Class Members to contact Defendant Palm with any

21   webOS technical issues relating to this Settlement or the Action, for twelve (12) months after the

22   Effective Date.  The Settlement Administrator shall list the email address on the home page of the

23   settlement website not later than ten (10) days after the Effective Date.  (Exhibit 1, § 2.4(B)).

24   (b)     Further, Defendants agree that, not later than ten (10) days after the Effective Date,

25   Palm will provide and file with the Court a declaration under penalty of perjury describing the

26   nature of the data access issue or issues giving rise to the allegations in Plaintiff's Complaint, steps

27

28

1  taken to address those issues, and that to the best of Defendants' knowledge, the issues have been

2  resolved.  (Exhibit 1, § 2.4(A)).

3  **D.    Cy Pres**

4  As agreed by the Parties, there will be no reverter to Defendants if monies remain in the

5  Settlement Fund. Any monies remaining in the Settlement Fund after payment of Settlement

6  Administration Expenses, taxes on earnings of the Settlement Fund, Approved Claims, the

7  incentive award to the Class Representative, and the Fee Award, will be paid to one or more *cy*

8  *pres* recipients to be agreed upon jointly by the Parties and presented to the Court at the Final

9  Approval Hearing.  The names of the proposed *cy pres* recipients will be posted to the Settlement

10  Website no later than fourteen (14) days prior to the objection deadline.  The Settlement Fund

11  shall include the amount of any redemption codes that have not been redeemed within 180 days of

12  issuance.  To the extent there is a *cy pres* distribution, the value of any such unused redemption

13  codes shall be included in the amount so distributed**.**  (Exhibit 1,§ 2.3).

14  **E.  Other Relief.**

15  In addition to the individual and prospective relief discussed above, the Defendants have

16  agreed to the following relief:

17  **1.    *Payment of Notice and Administrative Fees***: All Settlement

18  Administration Expenses shall be paid by the Defendants out of the Settlement Fund.  (Exhibit 1,

19  § 4.)

20  **2.    *Compensation for the Class Representative***: In addition to any award

21  under the Settlement, and in recognition of his efforts on behalf of the putative Class, Jason

22  Standiford, shall, subject to Court approval, receive an incentive award of $1,500 to be paid out of

23  the Settlement Fund as appropriate compensation for his time and effort serving as the Class

24  Representative in this litigation.  (Exhibit 1, § 7.4.)

25  **3.    *Payment of Attorneys' Fees and Expenses***: Defendants have agreed not to

26  oppose a Fee Award of up to $213,000 for attorneys' fees, costs and expenses to Plaintiff's

27  Counsel.  (Exhibit 1, §§ 7.1-7.3.)

28

**F.     Release**

Upon the entry of a final order approving this settlement and after the time for appeal has expired or such appeal has been decided, Plaintiff and each and every member of the Settlement Class who has not timely filed a request to be excluded from the Settlement Class will release and forever discharge the Defendants from any and all manner of claims, whether known or unknown, that were, or could have been, asserted in the Action arising out of or relating to (a) Palm's and/or Sprint's public statements concerning Palm's back-up and restore capabilities with respect to webOS devices, as well as any Temporary or Permanent Data Inaccessibility, or (b) the facts alleged in this Action.  (Exhibit 1, §§1.27, 1.28, 3.1-3.3.)

**III.     THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED**

Prior to granting preliminary approval of a settlement, the Court should determine that the proposed settlement class is a proper class for settlement purposes.  MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet the following prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1-4).  After meeting the strictures of Rule 23(a), the plaintiff must then demonstrate that common questions of law or fact predominate and that maintaining the suit as a class action is superior to other methods of adjudication.  Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).  As such, the Court accepts the allegations of the plaintiff's complaint as true, but may consider matters beyond the pleadings to determine if the claims are suitable for resolution on a class-wide basis.  *Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544, 548 (N.D. Cal. 2007).

**A.     The Requirement of Numerosity Is Satisfied**

The numerosity prerequisite is met when "the class is so numerous that joinder of all members is impractical.  Fed. R. Civ. P. 23(a)(1).  To satisfy this requirement there is no

1   "specific" number required, nor are the plaintiffs required to state the "exact" number of potential

2   class members. *Celano*, 242 F.R.D. at 548.  Generally, the numerosity requirement is satisfied

3   when the class comprises 40 or more members. *See id.* at 549.  In this case, the Settlement Class

4   has been estimated by the Defendants to be in excess of 2 million persons, easily enough to satisfy

5   the numerosity requirement.  (Aschenbrener Decl. ¶ 14).

6          **B.**      **The Requirement of Commonality is Satisfied**

7         The second threshold to certification requires that "there are questions of law or fact

8   common to the class."  Fed. R. Civ. P. 23(a)(2). "[P]laintiffs may demonstrate commonality by

9   showing that class members have shared legal issues by divergent facts or that they share a

10  common core of facts but base their claims for relief on different legal theories." *Dukes v. Wal-*

11  *Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007) *affirmed as to certification*, 603 F.3d 571 (9th Cir.

12  2010).  "[O]ne significant issue common to the class may be sufficient to warrant certification."

13  *Id.*  As alleged in this case, all Settlement Class Members share the common issue of having

14  purchased a Palm WebOS mobile phone and stored personal data through Palm Services in

15  reliance on Defendants' alleged false and misleading statements, and thereafter, that data may

16  have become temporarily or permanently inaccessible.  (Aschenbrener Decl. ¶ 17).

17        This common issue among Settlement Class Members results in common factual and legal

18  questions such as: (a) whether Defendants made false or misleading statements that webOS-based

19  mobile phones utilized a secure automatic data backup system; (b) whether Defendant's conduct

20  violated the Stored Communications Act (18 U.S.C. §§ 2701, *et seq*.), California's Unfair

21  Competition Law (Cal. Bus. and Prof. Code § 17200), California's False Advertising Law (Cal.

22  Bus. and Prof. Code § 17500); (c) whether Defendants' conduct constituted a breach of contract;

23  and (d) and whether Plaintiff and the Settlement Class are entitled to relief, and the nature of such

24  relief.  (Aschenbrener Decl. ¶ 18)

25         **C.**      **The Requirement of Typicality is Satisfied**

26        Rule 23 next requires that Standiford's claims are typical of those of the putative Class.

27  Fed. R. Civ. P. 23(a)(3).  "The purpose of the typicality requirement is to assure that the interest of

28

the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover North Am. LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)  "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Here, Defendants' alleged false and misleading statements have resulted in Standiford and members of the putative Settlement Class being injured in the form of their personal data being temporarily or permanently inaccessible.  (Aschenbrener Decl. ¶ 19).  This alleged injury experience by Standiford and the other Settlement Class Members occurred in a nearly identical manner and through identical means.  (Aschenbrener Decl. ¶ 20).  As such, Standiford's claims are typical of those of the proposed Class and Fed. R. Civ. P. 23(a)(3) is met.

**D.    The Requirement of Adequate Representation is Satisfied**

The final Rule 23(a) prerequisite requires that the proposed class representatives have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.

In this case, Standiford has the same interests as the putative Settlement Class Members— all have been injured by Defendants' alleged false and misleading statements regarding Palm's ability to store and back-up user data with respect to webOS devices.  (Aschenbrener Decl. ¶ 21). Therefore, Standiford has no interests antagonistic to the proposed Class.   (Aschenbrener Decl. ¶ 21).  Further, Class Counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have extensive experience in consumer class action lawsuits that are similar in size, scope and complexity to the present case.  (Aschenbrener Decl. ¶ 15; *see also* Firm Resume of Edelson McGuire, LLC, a true and accurate copy of which is attached as Exhibit 3.)  Accordingly, both Standiford and his counsel will adequately represent the putative Class.

1

**E.      The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)**

2      Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure

3  23(b)(3) provides that a class action can be maintained where the questions of law and fact

4  common to members of the class predominate over any questions affecting only individuals, and

5  the class action mechanism is superior to the other available methods for the fair and efficient

6  adjudication of the controversy.  Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 526 F.3d

7  1190, 1197 n.5 (9th Cir. 2008).  In this case, and in the context of the proposed Settlement

8  Agreement, common issues of fact and law predominate.  Defendants' alleged false and

9  misleading statements regarding Palm's ability to store and back-up user data with respect to

10  webOS devices are common to the Settlement Class Members' claims and damages, and

11  predominate over any issues applicable to any individual members of the putative Class.

12  (Aschenbrener Decl. ¶ 22).

13      In addition, the instant class action is superior to any other method available to fairly,

14  adequately, and efficiently resolve the Settlement Class Members' claims. The superiority

15  requirement's purpose is one of judicial economy and to assure that a class action is the "most

16  efficient and effective means of resolving the controversy."  *Wolin*, 617 F.3d at 1175-76.  Absent a

17  class action, most members of the putative Class would find the cost of litigating their claims to be

18  prohibitive and such multiple individual actions would be judicially inefficient.  Also, because the

19  action will now settle, the Court need not consider issues of manageability relating to trial.  *See*

20  *Amchem*, 521 U.S. at 620 (citation omitted) ("[c]onfronted with a request for settlement-only class

21  certification, a district court need not inquire whether the case, if tried, would present intractable

22  management problems, for the proposal is that there be no trial").  Accordingly, common

23  questions predominate and a class action is the superior method of adjudicating this controversy.

24  **IV.     THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS
        COUNSEL**

25

26      Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must

27  fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  In making

this determination, the Court must consider counsel's: (1) work in identifying or investigating

28

1  potential claims; (2) experience in handling class actions or other complex litigation, and the types

2  of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to

3  representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

4      As discussed above, putative Class Counsel have extensive experience in prosecuting class

5  actions and other complex litigation.  (Aschenbrener Decl. ¶ 15; *see also* Exhibit 3)  Further,

6  proposed Class Counsel has diligently investigated and prosecuted this matter, dedicating

7  substantial resources to the investigation of the claims at issue in the action, and have successfully

8  negotiated the settlement of this matter to the benefit of the putative Class.  (Aschenbrener Decl. ¶

9  16).  Accordingly, the Court should appoint Plaintiff's counsel to serve as Class Counsel for the

10  proposed Class pursuant to Rule 23(g) and appoint Michael Aschenbrener, Benjamin Richman,

11  and Christopher Dore of Edelson McGuire, LLC as Class Counsel.

12  **V.      THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL**

13      After certifying the Settlement Class, the Court should preliminarily approve the

14  settlement.  The procedure for review of a proposed class action settlement is a well-established

15  two-step process.  Fed. R. Civ. P. 23(e); *see also* Alba & Conte, 4 NEWBERG ON CLASS ACTIONS,

16  §11.25, at 38-39 (4th ed. 2002).  The first step is a preliminary, pre-notification hearing to

17  determine whether the proposed settlement is "within the range of possible approval."  NEWBERG,

18  §11.25, at 38-39 (*quoting* MANUAL FOR COMPLEX LITIGATION §30.41 (3d ed. 1995)); *In re*

19  *Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  This hearing is not a

20  fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the

21  putative Class members of the proposed settlement and to proceed with a fairness hearing.  *Id.*

22  Notice of a settlement should be sent where "the proposed settlement appears to be the product of

23  serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly

24  grant preferential treatment to class representatives or segments of the class, and falls within the

25  range of possible approval."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.

26      The Manual for Complex Litigation characterizes the preliminary approval stage as an

27  "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of

28

written submissions and informal presentation from the settling parties.  MANUAL FOR COMPLEX
LITIGATION § 21.632 (4th ed. 2004).  If the court finds a settlement proposal "within the range of
possible approval," it then proceeds to the second step in the review process—the final approval
hearing.  NEWBERG, §11.25, at 38-39.  The standard of scrutiny for preliminary approval is more
relaxed than for final approval.  *Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*, 616 F.2d
305, 314 (7th Cir. 1980).

A strong judicial policy exists that favors the voluntary conciliation and settlement of
complex class action litigation.  *In re Syncor ERISA Litig.,* 516 F.3d 1095, 1101 (9th Cir. 2008)
(*citing Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982)).  While the
district court has discretion regarding the approval of a proposed settlement, it should give "proper
deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027.  In fact,
when a settlement is negotiated at arm's length by experienced counsel, there is a presumption that
it is fair and reasonable.  *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).
Ultimately, the court's role is to ensure that the settlement is fundamentally fair, reasonable, and
adequate.  Fed. R. Civ. P. 23(e)(2); *In re Syncor*, 516 F.3d at 1100.

In this case, there is no question that the proposed settlement is at least "within the range of
possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.  Only after extended
arm's length negotiations, conducted under the supervision of Judge Sabraw, were the Parties able
to reach an agreement as to relief for the putative Class.  (Aschenbrener Decl. ¶ 8).  Specifically,
members of the putative Class can make claims on a $640,000 Settlement Fund to receive a $20 or
$30 credit at the HP Official (online) Store, the Palm (online) Store, or as a credit on their Sprint
phone bill.  (Aschenbrener Decl. ¶ 23)  In addition, Defendants agree to provide a dedicated email
address for Settlement Class Members to use to contact Defendant Palm with any webOS
technical issues relating to this Settlement or the Action that will remain available for twelve (12)
months after the Effective Date.  (Aschenbrener Decl. ¶ 24).  Moreover, Defendants have agreed
to provide a declaration under penalty of perjury describing the nature of the data access issue or
issues giving rise to the allegations in Plaintiff's Complaint, steps taken to address those issues,

1   and that to the best of Defendants' knowledge, the issues have been resolved. (Aschenbrener Decl.

2   ¶ 25).  Finally, there will be no reverter from the Settlement Fund and any monies remaining in the

3   Settlement Fund after payment of Settlement Administration Expenses, taxes on earnings of the

4   Settlement Fund, Approved Claims, the incentive award to the Representative Plaintiff, and the

5   Fee Award, will be paid to one or more *cy pres* recipients to be agreed upon jointly by the Parties.

6   (Aschenbrener Decl. ¶ 26)

7           Although Plaintiff's counsel is confident in the strength of the claims alleged in the

8   Amended Complaint, and that Plaintiff and the putative Class would ultimately prevail at trial,

9   Plaintiff Counsel's collective experience imparts the wisdom that litigation is inherently risky.

10  (Aschenbrener Decl. ¶ 27).  When the strengths of the Plaintiff's claim are weighed against the

11  legal and factual obstacles combined with the complexity of class action practice, it is apparent

12  that the proposed settlement is clearly in the best interest of Settlement Class Members as it

13  provides substantial recovery now.  (Aschenbrener Decl. ¶ 28).  Defendants have several defenses

14  available to them that could prove successful, including (a) contractual limitation of damages; (b)

15  contribution; (c) assumption of risk;  and (d) enforcement of disclaimers.   Additionally, the

16  Plaintiff here was influenced by the litigation and recent preliminary approval of a class action

17  settlement in *In re T-Mobile Sidekick Litigation*, (09-cv-04854-JW) (Dkt. No. 65) (N.D. Cal. Dec.

18  20, 2010).  (Aschenbrener Decl. ¶ 29).   That case involved similar facts related to consumers

19  losing personal data stored through their mobile phones.  *Id.*  There, Judge Ware preliminary

20  approved a settlement in which class members who met certain criteria were able to claim a $35

21  gift card or $17.50 in cash.  *Id.*  The settlement additionally provided prospective relief applicable

22  to all class members.  *Id.*  Here, Settlement Class Members meeting specific criteria may make

23  claims from a common fund for a redemption code worth $20 or $30 at the Palm or HP online

24  stores, which is fully transferable, or receive a $20 or $30 phone bill credit to pay existing

25  obligations with Sprint.  Likewise, all Settlement Class Members benefit from prospective relief

26  including a dedicated customer service email address.  As was the case in *In re T-Mobile Sidekick*

27  *Litigation*, this settlement easily falls well "within the range of possible approval" and should be

28

1  preliminarily approved.

2  **VI.    THE PROPOSED PLAN OF CLASS NOTICE**

3          Rule 23(c)(2)(B) provides that, "[f]or any class certified under Rule 23(b)(3), the court

4  must direct to class members the best notice practicable under the circumstances, including

5  individual notice to all members who can be identified through reasonable effort." Fed. R.Civ. P.

6  23(c)(2)(B).  Rule 23(e)(1) similarly says, "[t]he court must direct notice in a reasonable manner

7  to all class members who would be bound by a proposed settlement, voluntary dismissal, or

8  compromise." Fed. R. Civ. P. 23(e)(1).  Notice is "adequate if it may be understood by the

9  average class member." NEWBERG, § 11:53 at 167.

10         The proposed notices in this case satisfy both the substantive and manner of distribution

11 requirements of Rule 23 and Due Process.  The Agreement contemplates a three-part notice plan

12 designed to reach as many potential Settlement Class Members as possible through reasonable

13 effort.  First, direct notice of the Settlement will be sent via electronic mail to those Settlement

14 Class Members whose email addresses Defendants have in their possession or control.  (*See* Email

15 Notice, a true and accurate copy of which is attached as Exhibit B1 to the Settlement Agreement.)

16 Second, notice will be published in a one-day 1/3 page advertisement in both *USA Today* and *PC*

17 *World*.  (*See* Publication Notice, a true and accurate copy of which is attached as Exhibit B2 to the

18 Settlement Agreement.)  Third, the Settlement Administrator will maintain a Settlement Website

19 that shall include the ability to file claim forms on-line and include information concerning the

20 settlement terms and how to opt out or object to the settlement.  (*See* Internet Publication Notice, a

21 true and accurate copy of which is attached as Exhibit B3 to the Settlement Agreement.)  As such,

22 the proposed methods of notice comport with Rule 23 and the requirements of Due Process and

23 should be approved by this Court.

24         Defendants will also comport with the requirements of the Class Action Fairness Act

25 ("CAFA") (28 U.S.C. § 1715) by serving notice of the proposed settlement along with all other

26 required documentation to the Attorneys General of each of the fifty United States, the Attorney

27 General of the United States, and other required government officials.

28

1    **VII.    PROPOSED PRELIMINARY SCHEDULE**

2         **A.    Relative Dates Set Forth in the Settlement Agreement.**

3         The Parties propose the following schedule leading to the Fairness Approval Hearing for

4    final approval of the Settlement:

5         1.    Within ten (10) days after the Court issues a Preliminary Approval Order, to

6               provide to the Settlement Administrator email addresses they have for potential

7               Settlement Class Members;

8         2.    The Settlement Administrator shall send notice by electronic mail no later than

9               thirty (30) days after the Court issues a Preliminary Approval Order;

10        3.    The Settlement Administrator shall create and post a Settlement Website within

11              twenty (20) days after the Court issues a Preliminary Approval Order;

12        4.    The Settlement Administrator shall arrange for the Notice by Publication within

13              thirty (30) days after the Court issues a Preliminary Approval Order;

14        5.    Deadline for Opt-outs/Objections: 60 days after notice is distributed (or such date

15              as designated by the Court);

16        6.    Submission of papers in support of final approval shall be filed, with the

17              permission of the Court, no later than 14 days prior to Final Approval Hearing Date

18              (or such other date as designated by the Court);

19        7.    Submission of papers in reply to any Class Member objections shall be filed, with

20              the permission of the Court, no later than 14 days prior to Final Approval Hearing

21              Date (or such other date as designated by the Court);

22        8.    Final Approval Hearing: 90 days after notice is sent to the putative Class and

23              provided pursuant to CAFA (or such date as is convenient for the Court).

24        **B.    The Parties Proposed Dates as Set Forth in the [Proposed] Preliminary**

25              **Approval Order**

26        1.    The Parties propose, at the convenience of the Court, that the Final Approval

27              Hearing be held on June 9, 2011.

28

Plaintiff's Motion for Preliminary Approval of Class          14                    Case No. 09-cv-05719-LHK
Action Settlement

1        2.      The Parties propose that the Parties file their motion or motions for final approval

2                of the settlement, including responses to objections or other submissions from

3                Settlement Class Members (if any), not later than May 27, 2011.

4        3.      The Parties propose that requests for exclusions and any objections must be

5                postmarked no later than May 18, 2011.

**VII.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks that the Court grant preliminary approval of the proposed Settlement Agreement, approve the form and manner of notice described above, and enter the proposed order attached hereto (a true and accurate copy of which is attached as Exhibit C to the Settlement Agreement), and grant such further relief the Court deems reasonable and just.

Dated: January 14, 2011                EDELSON MCGUIRE, LLC

                                    By:     /s/ Michael J. Aschenbrener
                                            MICHAEL J. ASCHENBRENER

                                        Attorneys for Plaintiff

JAY EDELSON
jedelson@edelson.com
MICHAEL J. ASCHENBRENER
maschenbrener@edelson.com
BENJAMIN H. RICHMAN
brichman@edelson.com
CHRISTOPHER L. DORE
cdore@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370

DAVID C. PARISI - SBN 162248
dcparisi@parisihavens.com
SUZANNE HAVENS BECKMAN – SBN 188814
shavens@parisihavens.com
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299

1

## CERTIFICATE OF SERVICE

2

The undersigned certifies that, on January 14, 2011, he caused this document to be

3

electronically filed with the Clerk of the Court using the CM/ECF system, which will send

4

notification of filing to counsel of record for each party.

5

6

Dated: January 14, 2011                                                  EDELSON MCGUIRE, LLC

7

By:      /s/  Michael J. Aschenbrener

8

Michael J. Aschenbrener

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28