# EXHIBIT 2

DAVID C. PARISI - SBN 162248
dcparisi@parisihavens.com
SUZANNE HAVENS BECKMAN – SBN 188814
shavens@parisihavens.com
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299

JAY EDELSON
jedelson@edelson.com
MICHAEL J. ASCHENBRENER
maschenbrener@edelson.com
BENJAMIN H. RICHMAN
brichman@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

*Attorneys for Plaintiff Jason Standiford*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PALM, INC., a Delaware corporation, and SPRINT SPECTRUM L.P., a Delaware limited partnership, and DOES 1 – 50, inclusive, <br><br> Defendants. | Case No. 09-cv-05719-LHK <br><br> **DECLARATION OF MICHAEL J. ASCHENBRENER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted to practice in the States of Illinois and Minnesota, and represent Plaintiff in the above-titled action. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

**Plaintiff's Complaint**

2. On December 4, 2009, Plaintiff brought this action individually and on behalf of a Class of all United States residents alleging Defendants' made false and misleading statements about the Palm WebOS platform's ability to store and back-up user data for their mobile phones, and failed to store and back-up Plaintiff's personal data as promised.

3. The Complaint alleged causes of action for violations of the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq*.), the California Unfair Competition Law (Cal. Bus. and Prof. Code § 17200 *et seq*.), and the California False Advertising Law (Cal. Bus. and Prof. Code § 17500 *et seq*.) Plaintiff additionally alleged that Defendants' conduct constituted breach of contract and negligence.

4. On September 24, 2010, Plaintiff filed his First Amended Complaint.

**Mediation and Settlement**

5. On June 2, 2010, I along with other counsel for the Parties met in person for mediation with the assistance of the Honorable Ronald M. Sabraw (Ret.) of JAMS. Under the direction of Judge Sabraw, the Parties engaged in settlement negotiations but were unable to reach a resolution.

6. Following the initial mediation, the Parties continued negotiations with the assistance of Judge Sabraw. However, the Parties did not reach agreement.

7. In late September 2010, the Parties again agreed to mediation with Judge Sabraw.

8. On October 26, 2010, the Parties met in San Francisco with Judge Sabraw at the JAMS office for a second mediation. Only after extended arm's length negotiations, conducted under the supervision of Judge Sabraw, were the Parties able to reach an agreement as to relief for the putative Class.

9. After two full days of extensive mediation, including discussions reaching late into the evenings, and in addition to a full day of mediation taking place on June 2, 2010, the Parties signed a detailed memorandum of understanding on October 27, 2010.

10. On January 13th and 14th of 2011, all Parties signed the instant settlement agreement. Based on my experience, I believe the proposed Settlement is well "within the range of possible approval."

**Defendant's Position**

11. Defendants have denied and continue to deny any wrongdoing whatsoever, or that they committed, or attempted to commit, any wrongful acts or violations of law or duty, including, but not limited to, those alleged in the Amended Complaint.

12. Defendants contend that they have acted properly and therefore deny that Standiford or the Settlement Class have been injured in the manner alleged in Plaintiff's Amended Complaint.

13. Defendants have maintained, and continue to maintain, that they have meritorious defenses to all claims alleged in the Amended Complaint, and were and are prepared to vigorously defend all claims asserted in this litigation, as well as oppose class certification.

**The Putative Class and Proposed Class Counsel**

14. The putative Class has been estimated by the Defendants to be in excess of two million persons.

15. Proposed Class Counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have extensive experience in

consumer class action lawsuits that are similar in size, scope and complexity to the present case.

16. Proposed Class Counsel has diligently investigated and prosecuted this matter, dedicating substantial resources to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter to the benefit of the putative Class.

**Preliminary Approval**

17. All Settlement Class Members share the common issue of having purchased a Palm WebOS mobile phone and stored personal data through Palm Services in reliance on Defendants' alleged false and misleading statements, and thereafter, that data may have become temporarily or permanently inaccessible.

18. The common issues among Settlement Class Members have resulted in common factual and legal questions such as: (a) whether Defendants made false or misleading statements that webOS-based mobile phones utilized a secure automatic data backup system; (b) whether Defendant's conduct violated the Stored Communications Act (18 U.S.C. §§ 2701, *et seq*.), California's Unfair Competition Law (Cal. Bus. and Prof. Code § 17200), California's False Advertising Law (Cal. Bus. and Prof. Code § 17500); (c) whether Defendants' conduct constituted a breach of contract; and (d) and whether Plaintiff and the putative Class are entitled to relief, and the nature of such relief.

19. Defendants' alleged false and misleading statements have resulted in Standiford and members of the putative Class being injured in the form of their personal data being temporarily or permanently inaccessible.

20. The alleged injury experience by Standiford and the other Settlement Class Members occurred in a nearly identical manner and through identical means.

21. Plaintiff Standiford has the same interests as the putative Settlement Class Members—all have been injured by Defendants alleged false statements regarding Palm's

1  ability to store and back-up user data with respect to webOS devices.  Standiford has no
2  interests antagonistic to the putative Class.

3      22.    Defendants' alleged false and misleading statements regarding Palm's ability
4  to store and back-up user data with respect to webOS devices are common to the Settlement
5  Class Members' claims and damages, and predominate over any issues applicable to any
6  individual members of the putative Class.

7      23.    Members of the putative Class can make claims on a $640,000 Settlement
8  Fund to receive a $20 or $30 credit at the HP Official (online) Store, the Palm (online) Store,
9  or as a credit on their Sprint phone bill.

10      24.    Defendants agree to provide a dedicated email address for Settlement Class
11  Members to use to contact Defendant Palm with any webOS technical issues relating to this
12  Settlement or the Action, which will remain available for twelve (12) months after the
13  Effective Date.

14      25.    Defendants have agreed to provide a declaration under penalty of perjury
15  describing the nature of the data access issue or issues giving rise to the allegations in
16  Plaintiff's Complaint, steps taken to address those issues, and that to the best of Defendants'
17  knowledge, the issues have been resolved.

18      26.    There will be no reverter from the Settlement Fund and any monies remaining
19  in the Settlement Fund after payment of Settlement Administration Expenses, taxes on
20  earnings of the Settlement Fund, Approved Claims, the incentive award to the Representative
21  Plaintiff, and the Fee Award, will be paid to one or more *cy pres* recipients to be agreed upon
22  jointly by the Parties.

23      27.    I am confident in the strength of the claims alleged in the Amended
24  Complaint, and that Plaintiff and the putative Class would ultimately prevail at trial.
25  However, Plaintiff Counsel's collective experience imparts the wisdom that litigation is
26  inherently risky.

27
28

28. When the strengths of the Plaintiff's claim are weighed against the legal and factual obstacles, and combined with the complexity of class action practice, I believe that the proposed settlement is clearly in the best interest of Settlement Class Members as it provides substantial recovery now.

29. Plaintiff was influenced by the litigation and recent preliminary approval of a class action settlement in *In re T-Mobile Sidekick Litigation*, (09-cv-04854-JW) (Dkt. No. 65) (N.D. Cal. Dec. 20, 2010).

30. I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 14, 2011                    EDELSON MCGUIRE LLC

                                           By:  /s/ Michael J. Aschenbrener
                                                One of the Attorneys for Plaintiff
                                           MICHAEL J. ASCHENBRENER