# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of November 7, 2011, by and among (i) Jason Standiford ("Plaintiff" or "Class Representative"), on the one hand, and (ii) Defendants Palm, Inc. ("Palm") and Sprint Spectrum L.P. ("Sprint") (collectively, "Defendants"), on the other hand.  Plaintiff and Defendants are collectively referred to herein as the "Parties."  This Settlement Agreement is intended by the Parties to fully, finally and forever release, resolve, discharge and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.     Plaintiff Jason Standiford alleges that beginning in 2009 Defendants Palm and Sprint falsely stated Palm's ability to store and back-up user data with respect to webOS devices, and that Defendants failed to store and back-up his personal data as promised.

B.     On December 4, 2009, Plaintiff brought a putative class action against the Defendants, alleging that Defendants failed to store and back-up his personal data as promised, and that Defendants' statements concerning Palm's ability to back-up and restore data were false and violated the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq*.), the California Unfair Competition Law (Cal. Bus. and Prof. Code § 17200), and the California False Advertising Law (Cal. Bus. and Prof. Code § 17500).  Plaintiff additionally alleged that Defendants' conduct constituted a breach of contract and negligence. The Action was filed in the United States District Court for the Northern District of California and assigned to the Honorable James Ware.  The Action was later reassigned to the Honorable Lucy H. Koh.

C.     In May 2010, the Parties agreed to participate in a mediation conducted by the Honorable Ronald M. Sabraw (Ret.) of JAMS.  The Parties submitted detailed confidential mediation briefs to Judge Sabraw, setting forth their respective views as to the strengths of their cases and the perceived weaknesses in their opponents' case.  On June 2, 2010, counsel

for the Parties, as well as representatives of Defendants, met at the JAMS office in San Francisco with Judge Sabraw.  However, even after extensive negotiations, in which the Parties moved closer to a resolution, the Parties were unable to reach an agreement.

D.     Following the initial mediation, the Parties continued negotiations with the assistance of Judge Sabraw.  The Parties did not reach agreement during this time.

E.     On September 24, 2010, Plaintiff filed a First Amended Complaint, which included an additional alleged claim under the Stored Communications Act, 18 U.S.C. § 2701, among other things.

F.     In late September, 2010, the Parties again agreed to mediation with Judge Sabraw.

G.     On October 26, 2010, the Parties met in San Francisco with Judge Sabraw at the JAMS office for a second mediation.  After two days of extensive mediation, including discussions reaching into the evenings, the Parties signed a memorandum of understanding on October 27, 2010.

H.     At all times, Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or attempted to commit, any wrongful act or violation of law or duty alleged in the Action and contend that they have acted properly in all regards in connection with marketing and operation of the Palm webOS mobile operating system and equipment and all matters raised in the Action.

I.     Defendants also deny:  (1) each and all of the claims and contentions alleged by Plaintiff in the Action; (2) all charges of wrongdoing or liability against them arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiff or the Settlement Class are entitled to any form of damages, or any other type relief, based on the conduct alleged in the Action.  In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Action and they were prepared to vigorously defend the Action.  Nonetheless, taking into account the uncertainty and costs inherent in

litigation, Defendants have concluded that further defense of the Action could be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Settlement Agreement.  This Settlement Agreement is a compromise, and the Settlement Agreement, any related documents, and any negotiations relating to it shall not be construed as or deemed to be evidence of, or an admission or concession of, liability or wrongdoing on the part of Defendants, with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

J.      Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Defendants through trial and any subsequent appeals.  Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein.  Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Settlement Agreement.

K.      The Parties agree that the Action was resolved in good faith, following extensive arm's length bargaining presided over by a highly experienced Mediator, and that the settlement reflected herein confers substantial benefits upon the Parties.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Defendants that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits

flowing to the Parties from the Settlement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    **"Action"** refers to *Standiford v. Palm, Inc. et al* (09-cv-05719-LHK) (N.D. Cal.) currently pending before Judge Lucy H. Koh in the United States District Court for the Northern District of California.

1.2    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that:  (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is signed under penalty of perjury by the Settlement Class Member, physically or electronically; (c) is approved for payment by the Settlement Administrator; and (d) is not challenged by Defendants, or any such challenge is withdrawn or resolved.

1.3    **"Claim Form"** means the documents in the form attached hereto as **Exhibit A**, as approved by the Court.  The Claim Form shall require claimants to provide the following information:  the type of device (e.g., Palm Pre or Palm Pixi); whether the claimant experienced inability to access data; the approximate date or dates when such inability occurred; whether the claimant subsequently was able to access the data; and whether and approximately when the claimant contacted Palm and/or Sprint.  For Settlement Class Members who select the Sprint bill credit (described below in Section 2.1), the Claim Form shall also require the account name, telephone number of the Palm device, and Sprint account number.  The Claim Form, to be completed by Settlement Class Members who wish

to file a claim for a Settlement Benefit, shall be available in electronic format and downloadable in printable format.

1.4     **"Claims"** means any claims arising out of or relating to Palm's and/or Sprint's alleged public statements concerning Palm's back-up and restore capabilities with respect to webOS devices, as well as any Temporary Data Inaccessibility or Permanent Data Inaccessibility allegedly experienced by any Settlement Class Member, and all claims that were brought or could have been brought based upon the facts alleged in the Action.

1.5     **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted to be considered timely, and shall be ninety (90) days after Notice is first provided to the Settlement Class.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as prominently set forth in the Notice and the Claim Form.  Regardless of postmark or date of submission, the Claims Administrator must receive Claim Forms within fifteen (15) days after the Claims Deadline.

1.6     **"Class Counsel"** means Jay Edelson, Rafey S. Balabanian and Christopher L. Dore of Edelson McGuire, LLC.

1.7     **"Class Representative"** means the named Plaintiff in this Action, Jason Standiford.

1.8     **"Court"** means the Honorable Lucy H. Koh or any judge who shall succeed her as the judge in the Action.

1.9     **"Defendants"** means Palm, Inc., a Delaware corporation, and Sprint Spectrum L.P., a Delaware limited partnership.

1.10     **"Defendants' Counsel"** means Sheppard Mullin Richter & Hampton LLP.

1.11     **"Effective Date"** means the date on which the Final Judgment and Order of Dismissal with Prejudice entered pursuant to this Settlement Agreement becomes final and not subject to appeal under applicable law or, in the event of a timely appeal from the entry of the Final Judgment and Order of Dismissal with Prejudice, the date on which the

appellate court enters its mandate affirming the Final Judgment and Order of Dismissal with Prejudice in all material respects and the Final Judgment and Order of Dismissal with Prejudice is not subject to further judicial review.

      1.12    **"Fairness Hearing"** means the hearing before the Court where the Parties will request the Final Judgment and Order of Dismissal with Prejudice to be entered by the Court approving the Settlement, the Fee Award, and the incentive award to the Class Representative.

      1.13    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

      1.14    **"Final Judgment and Order of Dismissal with Prejudice"** means the Final Judgment and Order to be entered by the Court approving the Settlement after the Fairness Hearing, substantially in the form of **Exhibit D**.

      1.15    **"HP Official (online) Store"** means the electronic retail facility located at [www.shopping.hp.com](www.shopping.hp.com).

      1.16    **"Mediator"** means the Honorable Ronald M. Sabraw (Ret.) of JAMS.

      1.17    **"Nationwide"** means the 50 states in the United States of America and its territories and Washington, DC.

      1.18    **"Notice"** means the Notice of Pendency and Proposed Settlement of Class Action and Final Approval Hearing, which is to be provided to Settlement Class Members substantially in the manner set forth in this Agreement and substantially in the forms attached hereto as **Exhibits B1, B2 & B3**.

      1.19    **"Notice Plan"** means the proposed plan of disseminating notice to members of the Settlement Class of the proposed Settlement and of the Final Approval Hearing carried out by the Settlement Administrator.

      1.20    **"Palm Services"** means the backup and restore service provided by Palm to webOS subscribers.

1.21   **"Parties"** or **"Settling Parties"** means Plaintiff Jason Standiford and Defendants Palm and Sprint.

1.22   **"Permanent Data Inaccessibility"** means user-created information stored on Palm's servers, in connection with the use of Palm Services and a Palm webOS-based mobile device, that at some point became inaccessible to the user and did not become accessible again.  For example, one address book entry.

1.23   **"Person"** shall have the broadest meaning possible and shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.24   **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes only, preliminary approval of the Settlement, and approval of the Notice Plan.

1.25   **"Preliminary Approval Order"** means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form of **Exhibit C**.

1.26   **"Released Claims"** means any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever (including "Unknown Claims" as defined below), whether legal or equitable or otherwise, that were, or could have been, asserted in the Action based upon the facts alleged in the Action, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that were, or could have been, asserted in the Action arising out of or relating to (a) Palm's and/or Sprint's public statements concerning Palm's back-up and restore capabilities with respect to

webOS devices, as well as any Temporary or Permanent Data Inaccessibility, or (b) the facts alleged in the Action.

1.27   **"Released Parties"** means Defendants Palm and Sprint, and any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Defendants have a controlling interest or which are related to or affiliated with them, or any other representatives of any of these Persons and entities.

1.28   **"Settlement"** or **"Settlement Agreement"** means the settlement contemplated by this Settlement Agreement.

1.29   **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice to and processing claims by the Settlement Class, with such expenses to be paid from the Settlement Fund.

1.30   **"Settlement Administrator"** means Garden City Group.

1.31   **"Settlement Benefits"** means the benefits a Settlement Class Member may receive pursuant to this Settlement Agreement.

1.32   **"Settlement Class"** means:  All Persons and entities in the United States who, between June 1, 2009, and the date of Preliminary Approval, (1) created a Palm Profile for use with Palm Services and their Palm webOS-based mobile phones, (2) stored data on Palm's servers via their Palm webOS-based mobile phones, and (3) experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility or both.  Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which

Defendants have a controlling interest.  Also excluded are any judges to whom this case is or has been assigned and those judges' immediate families.

1.33     **"Settlement Class Member"** or **"Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.34     **"Settlement Fund"** means a cash settlement fund of six hundred and forty thousand dollars ($640,000), to be funded by Defendants within fifteen (15) business days after the entry of the Preliminary Approval Order.  From this Settlement Fund, all Settlement Administration Expenses, taxes on earnings of the Settlement Fund, Approved Claims, the incentive award to the Class Representative, the Fee Award pursuant to Section 7 of this Agreement, and *cy pres* payments, if any, shall be funded.  The Settlement Fund shall be kept in an interest-bearing escrow account until such time as the above-listed payments are made.  The Settlement Fund includes all interest that shall accrue on the sums deposited in it.  Defendants shall be responsible for all tax filings (if any are required) with respect to any earnings on the Settlement Fund and, using money from the Settlement Fund, the payment of all taxes that may be due on such earnings.  The Settlement Fund represents the limit and total extent of Defendants' monetary obligation under this Agreement.  In no event shall Defendants' total financial liability with respect to this Settlement exceed six hundred and forty thousand dollars ($640,000).

1.35     **"Temporary Data Inaccessibility"** means user-created information stored on Palm's servers, in connection with the use of Palm Services and a Palm webOS-based mobile device, that at some point became inaccessible to the user, but at a later point became accessible.  For example, one address book entry.

1.36     **"Unknown Claims"** means Claims that could have been raised in the Action and that the Plaintiff or any or all other Persons and entities whose Claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it,

might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not object to the Settlement.  Upon the Effective Date, Plaintiff and all other Persons and entities whose Claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiff and all other Settlement Class Members and Persons whose Claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Plaintiff acknowledges that he may discover facts in addition to or different from those that he now knows or believes to be true with respect to the subject matter of this release, but that it is his intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims he may have, as that term is defined in this Paragraph.

2.     **SETTLEMENT RELIEF**

    2.1     **Individual Relief**

        A.     **Permanent Data Inaccessibility**.  Each Settlement Class Member who experienced Permanent Data Inaccessibility and who has an Approved Claim shall receive:

      i.      An HP Official (online) Store redemption code worth $30, which may be redeemed in a single transaction and is fully transferable;

*Or*,

      ii.     A Sprint bill credit in the amount of $30.

B.    **Temporary Data Inaccessibility**. Each Settlement Class Member who experienced Temporary Data Inaccessibility and who has an Approved Claim shall receive:

      i.      An HP Official (online) Store redemption code worth $20, which may be redeemed in a single transaction and is fully transferable;

*Or*,

      ii.     A Sprint bill credit in the amount of $20.

2.2    **Limitations on Individual Relief**

A.    Settlement Class Members are only eligible to claim and receive recovery for Permanent Data Inaccessibility or Temporary Data Inaccessibility, but not both.

B.    Only Settlement Class Members with an open or active Sprint account may select the Sprint bill credit option.  Settlement Class Members who have cancelled or closed Sprint accounts may not select the Sprint bill credit.  Settlement Class Members who select the Sprint bill credit option and cancel their Sprint accounts prior to issuance of their credit may not redeem their credit for cash.

C.    If the value of Approved Claims exceeds the monies available in the Settlement Fund after paying the Settlement Administration Expenses, taxes on earnings of the Settlement Fund, the incentive Award to the

Class Representative, and the Fee Award, then each Approved Claim shall be paid a pro-rata share of the remaining monies available in the fund.

D.    Under no circumstance will Defendants' obligation under this Settlement Agreement exceed $640,000.

E.    Claims must be made under penalty of perjury.

F.    Defendants retain the right to verify eligibility for benefits under the Settlement Agreement and challenge any claims made, pursuant to a process to be agreed on by the Parties.

G.    Redemption codes must be used within 180 days of issuance. Redemption codes will not be redeemable for cash or combinable with any other offers, no more than one redemption code may be used in a single transaction, and no change will be given when a redemption code is used.

H.    The Claims Deadline shall be as set forth in Section 1.5 above.

I.    Valid claims shall be fulfilled no later than sixty (60) days after the Effective Date.

2.3.    **No Reverter.**  Any monies remaining in the Settlement Fund after payment of Settlement Administration Expenses, taxes on earnings of the Settlement Fund, Approved Claims, the incentive award to the Class Representative, and the Fee Award, will be paid to the agreed upon proposed *cy pres* recipient, the Center for Democracy and Technology, subject to the approval of the Court.  The identity of the agreed upon *cy pres* recipient shall be posted on the website described in Section 4.4 below.  The Settlement Fund shall include the amount of any redemption codes that have not been redeemed within the deadline set forth in Section 2.2(F) above, and in no event shall such amounts be considered unclaimed

funds.  To the extent there is a *cy pres* distribution, the value of any such unused redemption codes shall be included in the amount so distributed.

      2.4.  **Confirmatory Discovery.**  Palm has responded to Plaintiff's confirmatory discovery by deposition under Fed. R. Civ. P. 31(a)(4), providing proposed Class Counsel information sufficient to analyze the fairness, adequacy and reasonableness of the instant settlement, including information, on the following topics:

      (a)    The nature of the data access issue or issues giving rise to the allegations in Plaintiff's Complaint;

      (b)    Steps taken to address those issues; and

      (c)    Defendants' understanding that the issues have been resolved.

3.    **RELEASES**

      3.1    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as to the Released Parties.

      3.2    Upon the Effective Date, Plaintiff, and the Settlement Class Members, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever released, relinquished and discharged the Released Parties, and Defendants shall have released Plaintiff, from all Released Claims.

      3.3    Each and every term of the Releases set forth herein shall be binding upon Class Representative and the Settlement Class Members and any of their respective successors and personal representatives, and inure to the benefit of the Released Parties, and any of their respective successors and personal representatives, which Persons and entities are intended to be beneficiaries of these releases.

4.    **NOTICE TO THE CLASS**

      4.1    Within thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator shall commence dissemination of the Notice describing the Final

Approval Hearing and the terms of the Settlement embodied in this Settlement Agreement to potential Settlement Class Members, as provided herein.  Such Notice shall comport with due process and be effectuated pursuant to a Notice Plan.

4.2     Notice by Electronic Mail.  Defendants agree that, within ten (10) days after the Court issues a Preliminary Approval Order, Palm will provide to the Settlement Administrator email addresses it has for potential Settlement Class Members, and they agree to cooperate fully with the Settlement Administrator in obtaining email addresses that may be available for Persons who experienced Temporary or Permanent Data Inaccessibility. The Settlement Administrator shall then send the Notice to each email address obtained, no later than thirty (30) days after the entry of the Preliminary Approval Order, unless such date is extended by the Court or by agreement of the Parties.  The wording of the email Notice shall be as set forth in **Exhibit B1**.

4.3     Notice by Publication.  The Settlement Administrator shall arrange for publication in *USA Today* (on Monday, Tuesday, Wednesday or Thursday, at Defendants' election)*, and *PC World* of a 1/8-page (or larger) Notice, to be published one time, not later than thirty (30) days following entry of the Preliminary Approval Order, unless such date is extended by the Court or by agreement of the Parties.  The Notice to be published shall substantially resemble **Exhibit B2**.

4.4     Internet Publication Notice.  Within twenty (20) days following Preliminary Approval of the Settlement, Notice shall be provided on a website to be established and administered by the Settlement Administrator that shall include the ability to file Claim Forms on-line, provided that such forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect.  The Internet Publication Notice shall be substantially in the form of **Exhibit B3**.  The website shall contain the Notice, information on how to contact the Settlement Administrator and Class Counsel, the Agreement, the signed order of Preliminary Approval, the signed order conditionally

certifying a Settlement Class (substantially in the form of **Exhibit E**), the Claim Form (including a downloadable and printable version), the identity of the potential *cy pres* recipient agreed upon by the Parties, and (when it becomes available) Class Counsel's application for attorneys' fees, expenses and incentive award.  The website shall remain in place until all claims for Settlement Benefits have been processed.

4.5     The cost of the Notice Plan, including but not limited to obtaining email addresses of potential members of the Settlement Class, establishment and maintenance of the website, and the dissemination of Notice by email and publication, are Settlement Administration Expenses that shall be paid from the Settlement Fund.

4.6     Any member of the Settlement Class who intends to object to this Settlement Agreement must mail to the Court a written objection that includes his/her name and address, all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), states that he or she is a member of the Settlement Class, and provides a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Any member of the Settlement Class who fails to timely mail a written objection and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as set forth in the Notice, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

4.7     A member of the Settlement Class may opt out of the Settlement Class within sixty (60) days after Notice is first disseminated, or by a date ordered by the Court and specified in the Notice.  In order to exercise the right to opt out, a member of the Settlement Class must timely send a request for exclusion to the Settlement Administrator.  Except for those members of the Settlement Class who have properly opted out, all Settlement Class Members will be bound by this Settlement Agreement following final approval of this Settlement Agreement and entry of the Final Judgment and Order of Dismissal with

Prejudice.  Any member of the Settlement Class who elects to opt out shall not:  (i) be bound by the Final Judgment and Order of Dismissal with Prejudice; (ii) be entitled to any Settlement Benefits under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.  The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs signed by only one person on behalf of others shall not be allowed.  To be valid, an opt-out must be postmarked or submitted by the date specified in the Notice.  Notwithstanding anything else contained in this Settlement Agreement, if more than three hundred (300) of the prospective Settlement Class Members opt out, then Defendants may, at any time prior to the hearing on Final Approval, and at their sole discretion, notify Class Counsel of their election to terminate this Settlement Agreement.  In that event, this Settlement Agreement shall become null and void; the Action may continue as if the settlement had not occurred, and pursuant to Section 8 hereof, any order conditionally certifying or approving certification of a settlement class shall be vacated.

5.      **SETTLEMENT ADMINISTRATION**

5.1      The Settlement Administrator shall administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner.  Class Counsel and Defendants' Counsel shall retain the right to monitor the administration of the claim process, including without limitation any issues or problems in the administration of the Claim Forms or the Settlement.

5.2      The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request.  The Settlement Administrator shall also provide reports and other

information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning notice, administration and implementation of the Settlement.  Without limiting the foregoing, the Settlement Administrator shall:

a.      Receive requests for exclusion from Settlement Class Members and provide to Class Counsel and Defendants' Counsel a copy thereof within three (3) days after the deadline for submission of such requests.  If the Settlement Administrator receives any requests for exclusion from Settlement Class Members after the deadline for the submission of such requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

b.      Provide weekly reports to Class Counsel and Defendants' Counsel, including without limitation, reports regarding the number of Claim Forms received and the amount of benefits sought and, after the Effective Date, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator.

c.      Make available for inspection by Class Counsel or Defendants' Counsel the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

5.3      The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud.  The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse (including the type of device (e.g., Palm Pre, Pre Plus, Pre[2], Pre[3], or Palm Pixi or Pixi Plus), whether the claimant experienced inability to access data, the approximate date or dates when such inability occurred, whether the claimant subsequently was able to access the data, whether and

approximately when the claimant contacted Palm and/or Sprint, and, for Settlement Class Members who select the Sprint bill credit (described above in Section 2.1), the account name, telephone number of the Palm device, and Sprint account number), after giving the claimant a reasonable opportunity to provide any missing information.  Counsel for the Parties shall be informed of any claim disputes, including fraud issues, and if the Parties cannot resolve a dispute regarding approval of a claim informally, they shall have the right to present such dispute to the Court for review.  Claims shall be approved or rejected within sixty (60) days of the Effective Date.

5.4     The deadline for opting out of or objecting to the Settlement Agreement shall be within sixty (60) days after Notice is first disseminated, or by a date ordered by the Court and specified in the Notice, and any opt-out or objection must be submitted by that deadline to be timely.

5.5     As allowed by the schedule of the Court, the Fairness Hearing shall be not less than ninety (90) days from the date notice is sent to all state attorneys general and the Attorney General of the United States pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

5.6     Any Claim Form submitted after the Claims Deadline shall be void.

5.7     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Settlement, seek exclusion from the Class or timely file a Claim Form will not be entitled to receive any Settlement Benefits pursuant to this Settlement, but will otherwise be bound together with all Class Members by all of the terms of this Settlement, including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Action and the Releases provided for in the Settlement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

6.      **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

6.1      Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court, with the support of Defendants, for Preliminary Approval of the Settlement set forth in this Agreement, certification of a class for settlement purposes only, appointment of Class Counsel to represent the Settlement Class and Class Representative, and entry of a Preliminary Approval Order, which shall set a Fairness Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form of the Exhibits hereto.

6.2      At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendants' Counsel shall request that, after Notice is given, the Court hold a Fairness Hearing and approve the Settlement of the Action as set forth herein.

6.3      After Notice is given, the Parties shall request and, at the Court's leave, obtain from the Court, a Final Judgment and Order of Dismissal with Prejudice, substantially in the form of **Exhibit D**, granting final approval of this Settlement and holding this Settlement Agreement and the proposed settlement to be fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided above, ordering the releases set forth herein, and entering judgment in the Action.

7.      **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD**

7.1      Subject to the Court's approval, Defendants have agreed not to oppose, directly or indirectly, a Fee Award of up to One Hundred Sixty Thousand Dollars ($160,000).  The Court may award less than $160,000 in attorneys' fees and expenses to Class Counsel without any further action or agreement by the Parties and without any impact on the remainder of this Settlement Agreement.

7.2     Class Counsel agree that in no event shall Defendants contribute or be obligated to contribute in excess of a total of $160,000 for attorneys' fees, costs and expenses of any kind to Class Counsel and counsel for any objector, intervenor or proposed intervenor.  Defendants agree that such amount was reached following arm's length negotiations, with the help of the Mediator, and only after class relief was agreed upon.  The attorneys' fees and expenses awarded by the Court to Class Counsel shall be the total obligation of Defendants to contribute to payment for Class Counsel's attorneys' fees, costs and expenses, and shall be paid entirely out of the Settlement Fund.  These fees, costs and expenses shall include compensation for any work performed by, or costs incurred during, subsequent events in the Action, including any appeal or proceedings and activities with respect to implementation or enforcement of this Agreement.

7.3     **Payment of the Fee Award.**  Within ten (10) days after the Effective Date, and subject to Section 8 of this Settlement Agreement, Class Counsel shall be paid any Fee Award approved by the Court from the Settlement Fund via wire transfer to an account designated by Class Counsel.

7.4     In addition to any award to which he may be entitled under the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Class Representative, Jason Standiford, shall, subject to the approval of the Court, be awarded an incentive award of $1,500.  Defendants agree that they will not oppose such award, directly or indirectly, and Plaintiff shall not seek a higher award.  This sum shall be paid in recognition of the Plaintiff's time and effort serving as the Class Representative in this litigation.  Such amount shall be paid via check from the Settlement Fund to the Class Representative, and such check will be sent care of Class Counsel, within ten (10) days after the Effective Date.

8.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

8.1     This Settlement Agreement was entered into only for purposes of settlement. In the event that Preliminary or Final Approval of this Settlement Agreement does not occur for any reason, or is overturned on appeal, or does not become final for any other reason, either the Class Representative or Defendants, or either one of them, shall be able to terminate the Settlement Agreement with written notice to the other settling Parties.  If, after Preliminary or Final Approval does not occur for any reason, any settling Party elects to terminate this Settlement Agreement, this Agreement shall be null and void and of no force and effect, and nothing herein shall be deemed to prejudice the position of any of the Parties with respect to the Action or otherwise, and no term or condition of this Settlement Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action, or any other proceeding.

8.2     If this Settlement Agreement is terminated or fails to become effective for any of the reasons set forth in Section 8.1 or otherwise, any order conditionally certifying a Settlement Class, and all of its provisions, shall be vacated, and the Action shall revert to its status with respect to class certification and otherwise as existed prior to the date of this Agreement.

9.    **MISCELLANEOUS PROVISIONS**

9.1     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Agreement.  Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment and Order of Dismissal With Prejudice, and promptly to agree upon and execute

other documentation as may reasonably be required to obtain final approval of the Settlement, provided, however, that doing so does not increase the cost or burden of the Settlement Agreement to Defendants.

9.2     The time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendants' Counsel, without further notice to Settlement Class Members.

9.3     Whether or not the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)     is, may be deemed, or shall be used, offered or received against the Released Parties, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that was or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b)     is, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of any fault, false or misleading statement or omission with respect to any statement or written document approved or made by the Released Parties;

(c)     is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is, may be deemed, or shall be used, offered or received against the Released Parties, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Settlement Agreement, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  If this Settlement Agreement is approved by the Court, any Party may file this Settlement Agreement and/or the Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)      is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial; and

(f)      is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

9.4      The Parties and their Counsel agree that they will not make any press release or other form of public announcement regarding the settlement of the Action, including but not limited to an announcement on their law firm website or any other websites controlled by them or their co-counsel in the Action.  Notwithstanding the foregoing, Class Counsel

may include a notice on their law firm website that a settlement regarding the Action was reached, along with (a) a hyperlink to the settlement website, and (b) contact information for Class Counsel so that Settlement Class Members may inquire about the Settlement.  Class Counsel also may identify themselves as counsel for the Settlement Class in the Action, and may describe the resolution of the Action as "settled and dismissed by agreement of the Parties and approval of the Court," or words of similar effect, in their professional resumes, law firm promotional materials, continuing education materials, court filings, and in the course of describing to potential clients and the public their expertise and experience as lawyers and class action attorneys.  If any third party, including but not limited to any print or electronic media outlet, contacts any party or its counsel seeking information or a statement regarding the Settlement or the Action, in the absence of a response agreed upon by the parties, no information will be provided in response to such inquiries except (a) to reference Class Counsel's website or the settlement website described above in Section 4.4, or (b) factual (not opinion-based) statements based on and consistent with the public record and court orders in the case.

9.5    Nothing herein restricts Class Counsel from responding privately to inquiries from their clients, including Settlement Class Members, regarding the Action or the Settlement; or prevents publication and dissemination of Notice to Settlement Class Members pursuant to the Notice Plan; or restricts the Settlement Administrator from responding privately to Settlement Class Members' questions regarding the settlement relief described herein; or restricts Defendants from discussing the Action or the terms of the Settlement in the context of necessary business communications with, for example, prospective lenders, business partners, or stock analysts.  Defendants may submit required regulatory filings regarding the Settlement, and reasonably respond to any inquiries by regulatory agencies regarding the Settlement.

9.6     The Parties and their counsel shall avoid disparaging each other concerning the Action, but this provision does not prevent good faith advocacy, to the extent required in the settlement briefing.

9.7     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.8     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other, prior or subsequent breaches of this Agreement.

9.9     All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

9.10    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein, including but not limited to the memorandum of understanding (titled "Principal Terms of Settlement") executed by counsel for the Parties on October 27, 2010. No statements, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the statements, warranties and covenants contained and memorialized in such documents.  This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their respective successors-in-interest.

9.11    Except as otherwise provided herein, each Party shall bear its own costs.

9.12    Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that he is fully entitled to release the same.

9.13    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided

that counsel for the Parties to this Agreement all exchange original signed counterparts executed by the Parties.  A complete set of original executed counterparts shall be filed with the Court.

9.14    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

9.16    This Settlement Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing.  Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement.  Accordingly, in any construction to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties.

9.17    Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Jay Edelson, Rafey S. Balabanian and Christopher L. Dore, Edelson McGuire, LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; and Peter S. Hecker and Neil A.F. Popovic, Sheppard Mullin Richter & Hampton LLP, Four Embarcadero Center, 17th Floor, San Francisco, California 94111, and James Mittermiller, Sheppard Mullin Richter & Hampton LLP, 501 West Broadway, 19th Floor, San Diego, CA  92101.

9.18    This Agreement shall be governed by the laws of the State of California.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed on the dates shown below, and agree that it shall take effect on the last date of execution by all of the undersigned.

**APPROVED AND AGREED:**

Dated:  October 25, 2011          **Jason Standiford**


Dated:  October _____, 2011      **Palm, Inc.**

                                  By its _____


Dated:  October _____, 2011      **Sprint Spectrum L.P.**

                                  By its _____


**APPROVED AS TO FORM:**

Dated:  October 31, 2011          EDELSON MCGUIRE, LLC


                                  Attorneys for **Jason Standiford**

Dated:  October _____, 2011      SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP


                                  Attorneys for **Palm, Inc.**

Dated:  October _____, 2011      SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP


                                  Attorneys for **Sprint Spectrum L.P.**

**IN WITNESS WHEREOF,** the Parties hereto have caused this Settlement Agreement to be executed on the dates shown below, and agree that it shall take effect on the last date of execution by all of the undersigned.

**APPROVED AND AGREED:**

Dated: October _____, 2011          **Jason Standiford**

Dated: ~~October~~ November 4, 2011

**Palm, Inc.**

By its    CFO

Dated: October 26, 2011

**Sprint Spectrum L.P.**

By its   VP, Legal

**APPROVED AS TO FORM:**

Dated: October _____, 2011          EDELSON MCGUIRE, LLC

Attorneys for **Jason Standiford**

Dated: ~~October~~ November 7, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

Attorneys for **Palm, Inc.**

Dated: ~~October~~ November 7, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

Attorneys for **Sprint Spectrum L.P.**

# EXHIBIT A

**Standiford v. Palm, Inc., Sprint Spectrum, L.P.**

**CLAIM FORM**

TO MAKE A CLAIM IN THE ABOVE CASE, YOU MUST SUBMIT THIS FORM BY _____ XX, 2012

       By submitting this Claim Form, you are representing under penalty of perjury that you experienced Permanent or Temporary Data Inaccessibility as defined below, and that all information provided in this Claim Form is true and correct, to the best of your knowledge and belief.
       If you did not experience Permanent or Temporary Data Inaccessibility, you *should not* fill out this Claim Form.

**PERSONAL INFORMATION**

Full Name _____

Mailing Address _____

City, State and Zip Code _____

Current Cell Phone Number _____

E-mail address _____

E-mail address used for Palm Profile (if different from above) _____

**INFORMATION REGARDING MEMBERSHIP IN SETTLEMENT CLASS**

Type of webOS Device Owned _____
                                 (e.g., Palm Pre, Palm Pixi, Palm Pre Plus, Palm Pixi Plus, or Pre 2)

Cell phone number at the time you experienced data inaccessibility _____

Approximate date(s) you experienced data inaccessibility _____

Did you contact Palm and/or Sprint regarding data inaccessibility? _____
                                              (Palm/Sprint/neither/both)

Approximate date of contact _____

-1-

**EXHIBIT A**

**SELECTION OF BENEFIT** (You must have experienced either Permanent or Temporary Data Inaccessibility, defined below, to be eligible for one of the following benefits.)

**"Permanent Data Inaccessibility"** means you had your own user-created information stored on Palm's servers, through a Palm Profile, and at least some of that data became inaccessible to you, and you never regained access to it.

**"Temporary Data Inaccessibility"** means you had your own user-created information stored on Palm's servers, through a Palm Profile, and at least some of that data became inaccessible to you, but at a later point you regained access to it.  For example, you could not access one address book entry for even a short period of time, but at some point later it became accessible to you.

❖ Settlement Class Members are only eligible to receive a Settlement Benefit for Permanent Data Inaccessibility OR Temporary Data Inaccessibility, but not both.

❖ If you select a redemption code option, you must use the code within 180 days of issuance. Redemption codes are not redeemable for cash or combinable with other offers.  You may use no more than one redemption code in a given transaction.

The Sprint bill credit option is available only if you are a current Sprint customer.  If you select the Sprint bill credit option, please provide the following additional information:

Sprint account name _____

Phone number of Palm webOS device _____

Sprint account number _____

1.  **Do you seek a Settlement Benefit based on Permanent Data Inaccessibility?**  [ ]  (YES/NO)

If you answered "Yes," you may select ONE of the following Settlement Benefits:

[ ]  An HP Official (online) Store redemption code worth up to $30, which must be redeemed in a single transaction and is transferable;

**_OR_**

[ ]  A Sprint bill credit worth up to $30.

2.  **Do you seek a Settlement Benefit based on Temporary Data Inaccessibility?**  [ ]  (YES/NO)

If you answered "Yes," and *you did not also* experience **Permanent Data Inaccessibility**, you may select ONE of the following Settlement Benefits:

-2-

☐    An HP Official (online) Store redemption code worth up to $20, which must be redeemed in a
single transaction and is transferable;

***OR***

☐    A Sprint bill credit worth up to $20.

**You may answer "Yes" to question 1 *or* 2, but not both.**

## CERTIFICATION

The Claims Administrator may audit any and all claims.  Persons knowingly making false claims may be
subject to civil or criminal penalties.

> **I certify under penalty of perjury that the information provided above is true and correct to
> the best of my knowledge and belief and understand that the knowing submission of false
> information will result in the denial of my claim and may subject me to civil and/or criminal
> penalties.**

_____                _____
Printed Name                                                                    Signature


**PLEASE NOTE**:  **You may print and mail your claim form to:  Claims Administrator, xxx, xxxx,
OR submit it online by clicking "SUBMIT" below.  If you have questions, you may call counsel for
the settlement class at 1-888-xxx-xxxx.  DO NOT CONTACT THE COURT, DEFENDANTS OR
DEFENDANTS' COUNSEL.**

[ADD ELECTRONIC "SUBMIT" BUTTON]

# EXHIBIT B1

To:  [Customer email address]

From:  Settlement Administrator

Re:  Notice of Proposed Class Action Settlement in *Standiford v. Palm, Inc. and Sprint Spectrum, L.P.*
_____

## LEGAL NOTICE

## THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.

*A federal court has ordered this Notice.  This is not a solicitation from a lawyer.*
*To learn more about the settlement, please read below and visit www.xxxx-settlement.com.*

A proposed settlement (the "Settlement Agreement") has been reached in this case. A Fairness Hearing has been scheduled on _____ __, 2012, in the United States District Court for the Northern District of California to consider final approval of the settlement.

The Settlement Class includes anyone in the United States who, between June 1, 2009, and the date of Preliminary Approval (XXX, 2011), (1) created a Palm Profile for use with Palm Services and his or her Palm webOS-based mobile phone, (2) stored data on Palm's servers via his or her Palm webOS-based mobile phone, and (3) experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility or both, as defined below.

The Settlement provides monetary benefits to all Settlement Class Members who submit valid claims. Specifically, if you permanently or temporarily lost data in your Palm Profile, as defined directly below, you may be eligible for either a credit of up to $30 or $20 at the HP Online Store, or a Sprint bill credit of up to $30 or $20 (for current Sprint customers only).

> **"Permanent Data Inaccessibility"** means you had your own user-created information stored on Palm's servers, through a Palm Profile, and at least some of that data became inaccessible to you, and you never regained access to it.

> **"Temporary Data Inaccessibility"** means you had your own user-created information stored on Palm's servers, through a Palm Profile, and at least some of that data became inaccessible to you, but at a later point you regained access to it.  For example, you could not access one address book entry for even a short period of time, but at some point later it became accessible to you.

You may also choose to exclude yourself from the settlement.  If you do not choose to exclude yourself from the settlement, you may file written objections to the settlement and appear (or have your own attorney appear) at the hearing.  If the settlement is approved and you do not exclude yourself, you give up the right to sue Palm or Sprint for the claims the settlement resolves, and you will be bound by the terms of the Settlement Agreement.

**EXHIBIT B1**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU EXPERIENCED PERMANENT DATA INACCESSIBILITY** | If you file a valid <u>Claim Form</u>, you may choose between:<br><br>- A redemption code worth up to $30 at the HP Online Store; or<br>- A bill credit worth up to $30 on your Sprint wireless bill (for current Sprint customers only). |
| **IF YOU EXPERIENCED TEMPORARY DATA INACCESSIBILITY** | If you file a valid <u>Claim Form</u>, you may choose between:<br><br>- A redemption code worth up to $20 at the HP Online Store; or<br>- A bill credit worth up to $20 on your Sprint wireless bill (for current Sprint customers only). |
| **DO NOTHING** | - If you do nothing, you will not be eligible to receive any individual settlement benefits.  You will, however, still be giving up legal claims against defendants and other related entities. |
| **EXCLUDE YOURSELF** | You will receive no individual settlement benefits, but you will not be giving up your right to sue defendants or related entities.  You may not submit a claim, object or speak in Court if you exclude yourself from the settlement. |
| **OBJECT** | Write to the Court about why you do not want the Settlement Agreement to be approved.  You must be a member of the Settlement Class to object.  If the Court overrules your objection, you will be bound by the terms of the Settlement Agreement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement.  In order to speak at the Fairness Hearing, you must be a member of the Settlement Class and submit a written request to appear. |

The Court must decide whether the Settlement is fair and whether to give it final approval.  Settlement Benefits, as described above, will be distributed if the Court gives final approval to the settlement, and if there are any appeals, after those appeals are resolved.

As stated in the Settlement Agreement, the formal Settlement Class definition is:  All Persons and entities in the United States who, between June 1, 2009, and the date of Preliminary Approval [XXX, 2011], (1) created a Palm Profile for use with Palm Services and their Palm webOS-based mobile phones, (2) stored data on Palm's servers via their Palm webOS-based mobile phones, and (3) experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility or both.  Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which Defendants have a controlling interest.  Also excluded are any judges to whom this case is or has been assigned and those judges' immediate families.

## What is this lawsuit about?

The lawsuit is *Standiford v. Palm Inc. and Sprint Spectrum L.P.,* Case No. 09-cv-05719-LHK, in the United States District Court for the Northern District of California.  Plaintiff alleges that Defendants falsely stated Palm's ability to store and back up user data (including address book entries) with respect to webOS devices, and that defendants failed to store and back up user data as promised.  Defendants deny all of plaintiff's claims, and deny that anyone has been harmed or deserves compensation or relief of any kind.  The Court has not made a decision on the merits.  This Notice is

not an admission by either party as to the strength of the other's position or of any weakness in its own position.

**Settlement Benefits**

Defendants will create a settlement fund of $640,000 (the "Settlement Fund"), which will be used to pay settlement benefits to those Class Members who experienced Permanent or Temporary Data Inaccessibility.  To receive an individual benefit, you must submit a valid Claim Form available at www.xxxx-settlement.com.  The Settlement Fund will also be used to pay claim administration expenses, any attorneys' fees awarded to plaintiff's counsel, and an incentive award to plaintiff. Plaintiff's attorneys will apply for an attorneys' fee award not to exceed $160,000 and an incentive award for plaintiff not to exceed $1,500, all subject to Court approval.  Class Counsel's request for attorneys' fees and an incentive award will be posted on the Settlement Website no later than _____ __, 2011.

If the value of valid claims for individual benefits exceeds the amount in the Settlement Fund after payment of claim administration expenses, attorneys' fees awarded to plaintiff's counsel, and the incentive award, individual monetary benefits will be reduced on a *pro rata* basis, meaning that individual monetary relief may be reduced. Any money remaining in the Settlement Fund after the payment of valid claims will be donated to the Center for Democracy and Technology ("CDT").  The CDT works to enhance and protect consumers' civil liberties online, including promoting free expression and the privacy of communications through changes in public policy.  More information about the CDT can be found here.

These rights and options are explained in further detail on the settlement website at www.xxxx-settlement.com.

**The important deadlines in this Settlement are**:

Deadline to Submit a Claim Form:  _____ __, 2012

Deadline to Opt-Out:  _____ __, 2012

Deadline to Object:  _____ ___, 2012

Fairness Hearing:  _____ __, 2012

**PLEASE DO NOT CALL OR CONTACT THE COURT, DEFENDANTS, OR COUNSEL FOR DEFENDANTS ABOUT THIS NOTICE, THE SETTLEMENT OR THE LAWSUIT.  YOU MAY VISIT THE SETTLEMENT WEBSITE, OR CALL CLASS COUNSEL AT 866-354-3015 OR THE SETTLEMENT ADMINISTRATOR AT 800-XXX-XXXX.**

# EXHIBIT B2

## <u>Notice To Palm webOS Users</u>

A proposed class action settlement may affect you.  A hearing has been scheduled to approve the settlement.  *A federal court has ordered this Notice and it is posted here by Court Order.*

### What is the lawsuit about?

Plaintiff alleges that defendants Palm and Sprint falsely stated Palm's ability to store and back up user data through webOS devices, and that defendants failed to store and back up user data as promised.  Defendants deny plaintiff's claims.  The Court has not made a decision on the merits.

### Who is in the Settlement Class?

Anyone who created a Palm Profile and stored data on Palm's servers via his or her Palm webOS-based mobile phone and who also *permanently* or *temporarily* lost access to data stored through his or her Palm Profile.

> **"Permanent Data Inaccessibility"** means you had your own user-created information stored on Palm's servers, through a Palm Profile, and at least some of that data became inaccessible to you, and you never regained access to it.

> **"Temporary Data Inaccessibility"** means at least some of that data became inaccessible to you, but at a later point you regained access to it.

For more details see www.xxxx-settlement.com.

### Settlement Benefits – $640,000 Settlement Fund

If you are a Settlement Class Member, you must submit a valid claim form, available at www.xxxx-settlement.com.

| POTENTIAL SETTLEMENT BENEFITS | |
| --- | --- |
| *Permanent Data Inaccessibility* | If you file a valid Claim Form, you may choose between:<br><br>- A redemption code worth up to $30* at the HP Online Store; or<br>- A credit worth up to $30* on your Sprint wireless bill (only for current Sprint account holders). |
| *Temporary Data Inaccessibility* | If you file a valid Claim Form, you may choose between:<br><br>- A redemption code worth up to $20* at the HP Online Store; or<br>- A credit worth up to $20* on your Sprint wireless bill (only for current Sprint account holders). |

* The amount will depend on the number of claims.  The Settlement Fund will also be used to pay claim administration expenses, any attorneys' fees awarded to plaintiffs' counsel, and an incentive award to the named plaintiff.

### Your Rights and Options

If you do not want to be legally bound by the settlement, you must exclude yourself.  The exclusion deadline is _____ , 2012.  If you stay in the settlement, you will not be able to sue Palm or Sprint for any claim relating to this lawsuit. You may object to the Settlement by _____, 2012.  The Court will hold a Fairness Hearing on _____, 2012, to consider approval of the settlement, a request for attorneys' fees and expenses, and an incentive award. The Court has appointed attorneys to represent the Settlement Class.  You may hire your own attorney at your expense.

**EXHIBIT B2**

For full Settlement details visit www.xxxx-settlement.com, or call Class Counsel at 866-354-3015.
DO NOT CONTACT THE COURT, DEFENDANTS OR DEFENDANTS' COUNSEL.

# EXHIBIT B3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated, | ) Case No. 09-cv-05719-LHK |
| | ) |
| | ) |
| | ) **NOTICE OF CLASS ACTION** |
| Plaintiff, | ) **SETTLEMENT (TO BE POSTED** |
| | ) **ON SETTLEMENT WEBSITE)** |
| v. | ) |
| | ) Judge:  Hon. Lucy H. Koh |
| PALM, INC., a Delaware corporation, and SPRINT SPECTRUM L.P., a Delaware limited partnership, and DOES 1 – 50, inclusive, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## NOTICE TO PALM webOS USERS

THIS NOTICE MAY AFFECT YOUR RIGHTS.
PLEASE READ IT CAREFULLY

*A federal court has ordered this Notice and it is posted on the Web by Court Order.*

Defined terms below have the meanings ascribed to them in the <u>Settlement Agreement</u> (available <u>here</u> [LINK]), unless otherwise indicated.

A proposed settlement (the "Settlement Agreement") has been reached in this case between plaintiff Jason Standiford and defendants Palm, Inc., and Sprint Spectrum L.P. The Settlement Class includes anyone in the United States who, between June 1, 2009, and the date of Preliminary Approval (XXX, 2011), (1) created a Palm Profile for use with Palm Services and his or her Palm webOS-based mobile phone, (2) stored data on Palm's servers via his or her Palm webOS-based mobile phone, and (3) experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility or both.

The Settlement provides monetary benefits to all Settlement Class Members who submit valid claims.  Specifically, if you permanently or temporarily lost access to data on your Palm Profile,

**EXHIBIT B3**

as defined directly below, you may be eligible for either a credit of up to $30 or $20 at the HP Online Store, or a Sprint bill credit of up to $30 or $20 (only for current Sprint account holders).

**"Permanent Data Inaccessibility"** means you had your own user-created information stored on Palm's servers, through a Palm Profile, and at least some of that data became inaccessible to you, and you never regained access to it.

**"Temporary Data Inaccessibility"** means you had your own user-created information stored on Palm's servers, through a Palm Profile, and at least some of that data became inaccessible to you, but at a later point you regained access to it.  For example, you could not access one address book entry for even a short period of time, but at some point later it became accessible to you.

The Settlement Agreement's definition of these two categories can be found below in Section 4 of this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU EXPERIENCED PERMANENT DATA INACCESSIBILITY** | If you file a valid Claim Form, you may choose between:<br>- A redemption code worth up to $30 at the HP Online Store; or<br>- A bill credit worth up to $30 on your Sprint wireless bill (only for current Sprint account holders). |
| **IF YOU EXPERIENCED TEMPORARY DATA INACCESSIBILITY** | If you file a valid Claim Form, you may choose between:<br>- A redemption code worth up to $20 at the HP Online Store; or<br>- A bill credit worth up to $20 on your Sprint wireless bill (only for current Sprint account holders). |
| **DO NOTHING** | If you do nothing, you will not be eligible to receive any individual settlement benefits.  You will, however, still be giving up legal claims against defendants and other related entities. |
| **EXCLUDE YOURSELF** | You will receive no individual settlement benefits, but you will not be giving up your right to sue defendants or related entities.  You may not submit a claim, object or speak in Court if you exclude yourself from the settlement. |
| **OBJECT** | Write to the Court about why you do not want the Settlement Agreement to be approved.  You must be a member of the Settlement Class to object.  If the Court overrules your objection, you will be bound by the terms of the Settlement Agreement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement.  In order to speak at the Fairness Hearing, you must be a member of the Settlement Class and submit a written request to appear. |

**You must be a current Sprint customer to receive the Sprint bill credit.**

Settlement Class Members are only eligible to claim and receive recovery for Permanent Data Inaccessibility or Temporary Data Inaccessibility, but not both.

If you are a Settlement Class Member and the Court gives final approval to the Settlement

Agreement you will be giving up the right to bring certain legal claims in the future, as discussed more fully below. The Court must decide whether to give final approval. Settlement Benefits will be distributed if the Court gives final approval to the settlement and, if there are any appeals, after they are resolved.

As stated in the Settlement Agreement, the formal Settlement Class definition is: All Persons and entities in the United States who, between June 1, 2009, and the date of Preliminary Approval, (1) created a Palm Profile for use with Palm Services and their Palm webOS-based mobile phones, (2) stored data on Palm's servers via their Palm webOS-based mobile phones, and (3) experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility or both. Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which Defendants have a controlling interest. Also excluded are any judges to whom this case is or has been assigned and those judges' immediate families.

The rights and options of Settlement Class Members – **and the deadlines to exercise them** – are explained below.

BASIC INFORMATION

### 1.  What is this lawsuit about?

Plaintiff alleges that defendants falsely stated Palm's ability to store and back up user data (including address book entries) with respect to webOS devices, and that defendants failed to store and back up user data as promised. Defendants deny all of Plaintiff's claims, and deny that anyone has been harmed. The Court has not made a decision on the merits. This Notice is not an admission by either party as to the strength of the other's position or of any weakness in its own position.

### 2.  Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Jason Standiford), sue on behalf of a group (or a "class") of people who have similar claims. After the parties reached an agreement to settle the case, the Court recognized this as a case that should be treated as a class action for settlement purposes.

### 3.  Why is there a settlement?

The Court has not decided that the Plaintiff or the Defendants should win this case. Instead, both sides agreed to a settlement. By settling, the parties avoid the cost of a trial, and the Settlement Class Members are guaranteed relief. If the case went to trial, Settlement Class Members might not obtain any relief, and in any event it could take several years for the case to be resolved.

### 4.  How do I know if I am part of the settlement?

As described above, the Court decided that everyone who fits the following description is a Settlement Class Member:

All persons who created a Palm Profile to be used with their Palm webOS mobile

phone and also stored data, such as address book entries, on Palm's servers through Palm Services, and who experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility, or both.

Permanent Data Inaccessibility and Temporary Data Inaccessibility are defined as follows:

**"Permanent Data Inaccessibility"** means user-created information stored on Palm's servers, in connection with the use of Palm Services and a Palm webOS-based mobile device that at some point became inaccessible to the user and did not become accessible again. For example, one address book entry.

**"Temporary Data Inaccessibility"** means user-created information stored on Palm's servers, in connection with the use of Palm Services and a Palm webOS-based mobile device, that at some point became inaccessible to the user, but at a later point became accessible. For example, one address book entry.

As set forth in the Settlement Agreement, the formal Settlement Class definition is:

All Persons and entities in the United States who, between June 1, 2009, and the date of Preliminary Approval [XXX, 2011], (1) created Palm Profiles for use with Palm Services and their Palm webOS-based mobile phones, (2) stored data on Palm's servers via their Palm webOS-based mobile phones, and (3) experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility or both.

Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which Defendants have a controlling interest. Also excluded are any judges to whom this case is or has been assigned and those judges' immediate families.

If you believe you are a Settlement Class Member you may obtain a Claim Form by clicking **here.**

### 5.  What benefits are available under the settlement?

Defendants have agreed to create a settlement fund of $640,000 (the "Settlement Fund"). If you are a Settlement Class Member, and the Court gives final approval to the settlement, you are eligible for a monetary Settlement Benefit from the Settlement Fund.

Specifically you may be eligible for either a redemption code worth up to $30 or $20 at the HP Online Store, or a Sprint bill credit of up to $30 or $20, depending on whether you experienced permanent or temporary data inaccessibility. **You must be a current Sprint customer to receive the Sprint bill credit.**

Redemption codes will be valid for 180 days from issuance, must be redeemed in a single transaction and are fully transferable, but may not be aggregated. If the value of valid claims for individual benefits exceeds the amount in the Settlement Fund after payment of claim administration expenses, attorneys' fees awarded to plaintiff's counsel, and the incentive award, individual monetary benefits will be reduced on a *pro rata* basis, meaning that the money to each individual may be reduced.  Any money remaining in the Settlement Fund after the payment of

valid claims will be donated to the Center for Democracy and Technology ("CDT"). The CDT works to enhance and protect consumers' civil liberties online, including promoting free expression and the privacy of communications through changes in public policy. More information about the CDT can be found here.

## 6.  When will I receive these benefits?

If you are eligible and submit a valid Claim Form, you will receive your individual benefits within 60 days after the Settlement has been finally approved by the Court and the time to appeal that approval to a higher court has expired, and/or any appeals have been resolved in favor of the Settlement Agreement.

## 7.  What do I do if I want to be part of the settlement and receive these benefits?

You must submit a timely, truthful, accurate, and properly completed Claim Form. If you do not do so, you will not receive an individual Settlement Benefit. You may obtain a Claim Form by clicking **here**. You may either submit the Claim Form online, no later than _____, 2012, by following the instructions on the Claim Form, or you may print the Claim Form, fill it out completely and mail it to the Settlement Administrator, postmarked no later than xxxxxxx.

Mailed-in Claim Forms should be sent to the following address:

Settlement Administrator

PO BOX

Xxxxxxxxxxxx, xxxxxx Zip code

## 8.  What must I give up to receive these benefits?

Unless you exclude yourself (a process explained in answer to Question Number 9 below), you will be treated as a member of the Settlement Class and will be bound by the terms of the Settlement Agreement. Among other things, that means that you will not be able to pursue individual claims or be part of a future suit involving the claims raised in this case. In other words, by participating in the settlement, you are agreeing to "release" those claims. Unless you exclude yourself, you are "releasing" these claims, regardless of whether you submit a claim for individual Settlement Benefits.

The precise terms of the release are much more detailed, and are set forth in the Settlement Agreement [link].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in the settlement, and you want to keep any right you might have to sue defendants on your own over the claims in this case, then you must take steps to exclude yourself from the Settlement Class. This is called opting out.

## 9.  How do I opt out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Standiford v Palm, Inc. et al.,* Case No. 09-cv-05719-LHK

(N.D. Cal.).  You must include your name, address and signature, as well as the case name and case number.  You must mail your exclusion request no later than xxxx, 2011 to

> Settlement Administrator
> P.O. Box xxxx
> xxxxxxxxxxxxxxx

In order to be valid, any request for exclusion must be postmarked no later than xxxxxxxxxxx, 2011.

## 10.  What are the consequences if I exclude myself from the settlement?

If you exclude yourself from the settlement, you will not receive any individual Settlement Benefits.  But you get to keep your claims against the defendants and will not be barred from attempting to sue them over the claims raised in this case in a different lawsuit.  Note, however, that the viability of any such lawsuit may be affected by legal deadlines (that is, "statutes of limitations"), which determine the time by which legal claims must be asserted.  If you want your own attorney to represent you in a different case, the terms of such representation are up to you and your attorney to negotiate.

### THE LAWYERS REPRESENTING YOU

## 11.  Do I have a lawyer in this case?

The Court has approved Jay Edelson, Rafey S. Balabanian, and Christopher L. Dore of Edelson McGuire, LLC, to be the attorneys representing the Settlement Class.  They are called "Class Counsel."  They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Class.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your expense.

## 12.  How will the lawyers be paid?

Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees of up to $160,000, which must be approved by the Court.  The Court may award less in attorneys' fees and expenses to Class Counsel without any further action or agreement by the Parties and without any impact on the remainder of the Settlement Agreement.  Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Defendants have also agreed not to oppose Class Representative Jason Standiford's application for payment of $1,500, which also must be approved by the Court, in recognition of his time and effort serving as the Class Representative in this litigation.  Any such incentive award will be paid out of the Settlement Fund.

Class Counsel's request for attorneys' fees and an incentive award will be posted on the Settlement Website no later than _____ __, 2012.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement Agreement or some part of it.  Only those that remain in the Settlement Class may object to the Settlement Agreement.  You cannot object if you have opted out of the Settlement Class as described above.

### 13.  How do I inform the Court if I do not like the settlement?

If you are a Settlement Class Member, and have not excluded yourself from the settlement, you may object to the settlement.  Any objection must be mailed to the Court at the address listed below.  You must mail your objection on or before_____ ___, 2012.

All objections must include the objector's name and address, must state that the objector is a member of the Settlement Class, and must include a written statement describing the objection, including all reasons for the objection, any materials relied on for the objection, and any request to appear at the Fairness Hearing (explained below in answer to Question Number 14).  The Fairness Hearing will be held on _____ ___, 2012.

If you fail to object as specified above, you will have lost your chance to object and will not be allowed to raise any objection in this case or any other proceeding.

**YOU CANNOT SUBMIT AN OBJECTION ONLINE.**

Importantly, in order to be considered by the Court, any objection must be postmarked no later than xxx, 2012.  All objections must identify the case name and number (*Standiford v. Palm, Inc., et al.,* Case No. 09-cv-05719-LHK) and, along with any supporting materials, must be mailed to:

> Clerk of the Court
> United States District Court for the Northern District of California
> 280 South 1st Street
> San Jose, California 95113

## THE FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to give final approval.  You may attend and you may ask to speak, but you do not have to attend the hearing for the Court to consider your objection.

### 14.  When and where is the Fairness Hearing?

The Court will hold the Fairness Hearing at xxx on xxx, 2012 in Courtroom 4 on the 5th Floor of the United States Courthouse at 280 South 1st Street in San Jose, California.  At the hearing, the Court will determine whether the settlement should be approved as fair, reasonable and adequate and in the best interests of the Settlement Class; consider Class Counsel's request to be awarded up to $160,000 for attorneys' fees and expenses; and consider the request for an incentive award to Mr. Standiford in the amount of $1,500.  The Court will also hear any objections and arguments concerning the fairness of the Settlement Agreement that have properly been requested, as set forth above.

The hearing may be postponed to a different date or time without further notice to the Settlement Class.

You are not required to attend the Fairness Hearing.

If the Court determines that the settlement should be approved as fair, reasonable and adequate and in the best interests of the Settlement Class, and if you have not opted out, you will be barred from filing any lawsuit asserting any claims against defendants that relate to the claims discussed above, including any claims based on the facts alleged in plaintiff's complaint.

## HOW TO OBTAIN ADDITIONAL INFORMATION

### 15.  How do I get more information?

This Notice provides a non-comprehensive summary of the Settlement Agreement and its terms.  You may inspect the Settlement Agreement and other documents connected with this case on this Settlement Website by clicking here [documents link].  In addition, you may inspect the court files from 9:00 a.m. until 4:30 p.m. on weekdays at the office of the Clerk of the Court, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113.  You may also call Edelson McGuire, which is the law firm the Court appointed Class Counsel, toll-free at 866-354-3015, or the Settlement Administrator at 800-xxx-xxxx, if you have any questions that are not resolved by this Notice and/or other documents posted on the settlement website.

**PLEASE DO NOT CALL OR CONTACT THE COURT, DEFENDANTS, OR COUNSEL FOR DEFENDANTS ABOUT THIS NOTICE, THE SETTLEMENT OR THE LAWSUIT.**

**YOU MAY CALL CLASS COUNSEL AT 866-354-3015 OR THE SETTLEMENT ADMINISTRATOR AT 800-XXX-XXXX.**

Date: xxx, 2011

# EXHIBIT C

1

2                          UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4                               SAN JOSE DIVISION

5    JASON STANDIFORD, an individual, on          Case No. 09-cv-5719 LHK
     behalf of himself and all others similarly
6    situated,                                     [Complaint Filed:  Dec. 4, 2009]

7                     Plaintiff,                   **[PROPOSED] ORDER GRANTING
                                                   PRELIMINARY APPROVAL OF
8         v.                                       PROPOSED CLASS ACTION
                                                   SETTLEMENT**
9    PALM, INC., a Delaware corporation, and
     SPRINT SPECTRUM, L.P., a Delaware
10   limited partnership, and DOES 1-50,
     inclusive,
11
                      Defendants.
12

13

14          Plaintiff Jason Standiford having filed a motion under Fed. R. Civ. P. 23(e) for an

15   order preliminarily approving the Settlement Agreement ("Agreement") entered into between

16   Plaintiff and Defendants Palm, Inc. and Sprint Spectrum, L.P.; the said motion having come on for

17   hearing before the above-entitled Court; the Court having reviewed the Agreement and

18   accompanying documents, and considered the oral and written presentations in support of

19   preliminary approval; the Court being fully advised of the premises and good cause appearing

20   therefor, the Court enters its Order and, subject to final determination by the Court as to the

21   fairness, reasonableness and adequacy of the settlement, the Court finds and orders as follows:

22          1.     The Court has jurisdiction over the subject matter of this action, all members

23   of the Settlement Class, and all Defendants.

24          2.     All defined terms used herein have the meanings set forth for such terms in

25   the Agreement.

26          3.     The Court has conducted a preliminary evaluation of the fairness,

27   reasonableness and adequacy of the proposed settlement set forth in the Agreement.  The Court

28   finds that the settlement appears to be the product of serious and informed arm's length negotiations;

has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representative or any members of the Settlement Class; and falls within the range of reasonableness meriting possible final approval.  The Court therefore GRANTS preliminary approval of the Agreement and settlement, subject to further consideration at the Final Approval Hearing described below.

4. The Court sets a Final Approval Hearing under Fed. R. Civ. P. 23(e)(2), to be held at 1:30 p.m. on April 19, 2012, in Courtroom 4 of the United States District Court for the Northern District of California (San Jose Division), 280 South First Street, San Jose, CA  95113, for the following purposes:

(a) To determine whether the proposed settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) To determine whether the Final Approval Order and Judgment, as provided under the Agreement, should be entered, dismissing the First Amended Complaint with prejudice, and whether the release by the Settlement Class of the Released Claims as set forth in the Agreement should be provided to the Released Parties;

(c) To determine whether Class Counsel's request for an award of attorneys' fees should be granted, and whether an incentive award should be made to the Class Representative; and

(d) To rule on such other matters as the Court may deem appropriate.

5. Class Counsel must file their request for an award of attorneys' fees and request for approval of an incentive award to the Class Representative not later than February 29, 2012.

6. The Parties must file their motion or motions for final approval of the settlement, including responses to objections or other submissions from Settlement Class Members (if any) not later than April 12, 2012.

7. The Court approves the proposed Notice Plan substantially in the forms attached to the Agreement as Exhibits B1, B2 and B3.

8. Within ten days after the Court issues this Order Granting Preliminary Approval, Palm will provide to the Settlement Administrator email addresses it has for potential

Settlement Class Members.  The Settlement Administrator shall then send the Notice to each email

address obtained, no later than January 14, 2012 (thirty (30) days after the entry of this Order),

unless such date is extended by the Court or by agreement of the Parties.

9.      Not later than January 14, 2012 (thirty (30) days after the entry of this Order),

the Settlement Administrator shall arrange for publication in *USA Today* (on Monday, Tuesday,

Wednesday or Thursday, at Defendants' election) and *PC World* of a 1/8-page Notice, to be

published one time.

10.     Not later than January 4, 2012 (twenty (20) days after the issuance of this

Order), Notice shall be provided on a website to be established and administered by the Settlement

Administrator in accordance with the Agreement.

11.     At or before the Final Approval Hearing, the Parties must file proof that they

have complied with the Notice Plan, in accordance with this Order and as set forth in the

Agreement.

12.     The Court may, from time to time and without further notice to the

Settlement Class, continue or adjourn the Final Approval Hearing.

13.     The form and content of the Notice Plan, including the forms of notice set

forth in, and attached as exhibits to, the Agreement, satisfy the requirements of Fed. R. Civ. P. 23(c)

and (e) and due process with respect to providing members of the Settlement Class notice of the

proposed settlement and the Final Approval Hearing; constitute the best notice practicable under the

circumstances; and constitute due and sufficient notice to all persons entitled thereto.

14.     To be eligible to receive Settlement Benefits under the settlement, a

Settlement Class Member must complete and submit (by U.S. mail or electronically) a valid Claim

Form available on the settlement website, no later than April 14, 2012 (ninety (90) days after Notice

is first provided to the Settlement Class) ("Claims Deadline"), and otherwise comply with the terms

of the Agreement. The Claims Administrator must in any event receive Claim Forms within 15 days

of the Claims Deadline.

15.     Fulfillment of claims (including redemption codes for use at the HP Official

(online) store and Sprint bill credits), substantially in accordance with the Agreement, will be

deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members who fail to submit a timely and valid Claim Form will be forever barred from receiving individual Settlement Benefits under the settlement, will be forever barred from bringing any action against the Released Parties concerning the Released Claims, but will nevertheless be bound by the terms of the Agreement and settlement, including the terms of the Judgment to be entered in this action and the releases provided for in the Agreement.

16.     Each person who submits a Claim Form will be deemed to have submitted to the jurisdiction of the Court with respect to the claim.  All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, will be subject to the jurisdiction of the Court.

17.     No person will have any claim against the Class Representative, any member of the Settlement Class, Defendants, the Settlement Administrator, or any of their respective counsel based on payments made or benefits distributed substantially in accordance with the Agreement or further order of the Court.

18.     Settlement Class Members will be bound by all determinations and judgments in this action, whether favorable or unfavorable.  To request exclusion from the Settlement Class and not be so bound, a person must mail or otherwise deliver a written exclusion request to the address designated for exclusion requests in the settlement notice (in all its forms), postmarked no later than March 14, 2012 or, if not sent by U.S. mail, received no later than that date.  Any exclusion request must state the person's name and address; state that the person wishes to be excluded from the Settlement Class and settlement in this action; and be signed by the person seeking to be excluded.

19.     Any member of the Settlement Class who intends to object to the settlement must mail to the Court a written objection that includes his/her name and address, all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), states that he or she is a member of the Settlement Class, and provides a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Notice of intent

to be heard orally at the Final Approval Hearing (either personally or through counsel of their choice) must be included with a Settlement Class member's written objection.  Any member of the Settlement Class who fails to timely mail notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as set forth in the Notice, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

20.    All such objections must be sent so they are received by the Court no later than March 14, 2012.  The Court will not consider objections from non-members of the Settlement Class, including persons who have excluded themselves from the Settlement Class.

21.    Pending the Court's decision on whether to grant final approval of the settlement, and the exhaustion of all appeals or review proceedings with respect thereto, neither the Class Representative nor any Settlement Class member, nor anyone acting or purporting to act on their behalf, shall commence or pursue any action or proceeding in any forum asserting any Released Claims.

SO ORDERED.

Dated: _____ 2011

_____
LUCY H. KOH
United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALM, INC., a Delaware corporation, and SPRINT SPECTRUM, L.P., a Delaware limited partnership, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 09-cv-5719 LHK<br><br>[Complaint Filed:  Dec. 4, 2009]<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND JUDGMENT** |

On _____, 2012, the Court held a hearing to determine whether the proposed class action settlement in this case between Plaintiff Jason Standiford and Defendants Palm, Inc. and Sprint Spectrum, L.P. should be granted final approval, and a judgment entered under the settlement.  The Court has considered all arguments and written submissions made in connection with the matter, including any objections [there being none] or comments by Settlement Class Members.  The Court now finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants.

2. All defined terms used herein have the meanings set forth for such terms in the Settlement Agreement dated November 7, 2011 ("Agreement").

3. Notice of the proposed settlement and the Final Approval Hearing was provided to the Settlement Class in accordance with the Order Granting Preliminary Approval of Proposed Class Action Settlement entered _____, 2011 ("Preliminary Approval Order").

4. Attached hereto as Exhibit A is a list of the persons who excluded themselves from the Settlement Class, and thus are not bound by this Order and Judgment.

5.      The Court finds that the settlement is fair, reasonable and adequate, and should be granted final approval under Fed. R. Civ. P. 23(e)(2).

6.      Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

7.      All Settlement Class Members who failed to submit an objection to the settlement in accordance with the deadline and procedures set forth in the Preliminary Approval Order are deemed to have waived, and are forever foreclosed from raising, any objections.

8.      The Court hereby dismisses the First Amended Complaint in this action with prejudice and without fees or costs, except as provided in the Agreement, and renders judgment in favor of Defendants.

9.      Plaintiff and Settlement Class Members are hereby deemed to have fully, finally and forever released, relinquished and discharged the Released Parties from all Released Claims, as more fully set forth in the Agreement, and are permanently barred and enjoined from pursuing any Released Claims against the Released Persons.

10.      Defendants and all other Released Parties are hereby deemed to have fully, finally and forever released, relinquished and discharged Plaintiff and Class Counsel from all Released Claims, as more fully set forth in the Agreement, and are permanently barred and enjoined from pursuing any Released Claims against Plaintiff or Class Counsel.

11.      For the reasons set forth in the separate Order Awarding Attorneys' Fees, Costs and Incentive Award, Class Counsel are awarded $ _____ in attorneys' fees, costs and expenses, which amount the Court finds fair and reasonable.  This amount will be paid to Class Counsel from the Settlement Fund, as specified in the Agreement.

12.      For the reasons set forth in the separate Order Awarding Attorneys' Fees, Costs and Incentive Award, Plaintiff is awarded $ _____ as an incentive award, to be paid from the Settlement Fund, as specified in the Agreement.

13.      Neither the Agreement nor the settlement, nor any discussion, act, or document prepared or executed in connection with or in furtherance of the Agreement or settlement, (a) may be used as an admission, concession, or evidence of the validity of any Released Claims or

1  any wrongdoing or liability on the part of Defendants; (b) may be used as an admission, concession,

2  or evidence of any fault, false or misleading statement or omission of Defendants in any civil,

3  criminal, or administrative proceeding, in any court, administrative agency or other tribunal; or

4  (c) may be used or admitted in evidence for any purpose other than enforcement of the terms of the

5  Agreement or the settlement.

6          14.     Without affecting the finality of this Order and Judgment, the Court retains

7  exclusive jurisdiction over the Parties and Settlement Class Members for all matters relating to this

8  action and the settlement, including the administration, interpretation, implementation or

9  enforcement of the Agreement and this Judgment.

10          15.     The Court finds there is no just reason for delay and expressly directs that

11  Judgment be entered immediately by the Clerk of the Court.

12          SO ORDERED AND ADJUDGED.

13  Dated: _____ 2012

14

15                                        _____
                                                    LUCY H. KOH
16                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28
W02-WEST:5NAP1\404057768.2

-3-

**EXHIBIT D**

1

2                              UNITED STATES DISTRICT COURT

3                              NORTHERN DISTRICT OF CALIFORNIA

4                                    SAN JOSE DIVISION

5    JASON STANDIFORD, an individual, on         Case No. 09-cv-5719 LHK
     behalf of himself and all others similarly
6    situated,                                   [Complaint Filed:  Dec. 4, 2009]

7                         Plaintiff,             **[PROPOSED] ORDER
                                                 CONDITIONALLY CERTIFYING
8              v.                                 PLAINTIFF SETTLEMENT CLASS**

9    PALM, INC., a Delaware corporation, and
     SPRINT SPECTRUM, L.P., a Delaware
10   limited partnership, and DOES 1-50,
     inclusive,
11
                          Defendants.
12

13
             WHEREAS a putative class action is currently pending before the Court entitled
14
     *Jason Standiford v. Palm, Inc. and Sprint Spectrum, L.P.,* ("Action");
15
             WHEREAS the Court has reviewed Plaintiff's Motion for Preliminary Approval of
16
     Proposed Class Action Settlement, including all supporting exhibits, filed November 10, 2011; and
17
     has reviewed the Settlement Agreement ("Agreement") and exhibits thereto, accompanying
18
     Plaintiff's Motion;
19
             WHEREAS, the Plaintiff having made application, pursuant to Fed. R. Civ. P. 23(e),
20
     for an order preliminarily approving the settlement of the Action in accordance with the terms and
21
     conditions set forth in the Agreement for settlement of the Action and for dismissal with prejudice
22
     of the First Amended Complaint; and the Court having read and considered the Agreement and
23
     Plaintiff's Motion; and
24
             WHEREAS, except where otherwise defined herein, all capitalized terms contained
25
     herein shall have the meanings assigned to them in the Agreement;
26
             NOW, THEREFORE, IT IS HEREBY ORDERED:
27

28
     W02-WEST:5NAP1\404057758.2
                                              -1-
                                          **EXHIBIT E**

1          1.      The Court hereby certifies a Settlement Class, in connection with and solely

2  for purposes of settlement, defined as follows:

3
> All Persons and entities in the United States who, between June 1,
> 2009, and the date of Preliminary Approval, (1) created a Palm Profile
4
> for use with Palm Services and their Palm webOS-based mobile
> phones, (2) stored data on Palm's servers via their Palm webOS-based
5
> mobile phones, and (3) experienced Permanent Data Inaccessibility,
> Temporary Data Inaccessibility or both.  Excluded from the Class are
6
> Defendants, their legal representatives, assigns, and successors, and
> any entity in which Defendants have a controlling interest.  Also
7
> excluded are any judges to whom this case is or has been assigned and
> those judges' immediate families
8

9          2.      The Court finds that, in connection with the settlement, and based on

10  Plaintiff's Motion, including all exhibits thereto:

11          (a)     The Settlement Class is so numerous that joinder of all members is

12  impracticable, satisfying the requirements of Fed. R. Civ. P. 23(a)(1);

13          (b)     There are questions of law and fact common to the Settlement Class,

14  satisfying the requirements of Fed. R. Civ. P. 23(a)(2);

15          (c)     The claims of Plaintiff are typical for settlement purposes of the claims of the

16  Settlement Class, satisfying the requirements of Fed. R. Civ. P. 23(a)(3);

17          (d)     The Plaintiff, as Class Representative, will fairly and adequately protect the

18  interests of each member of the Settlement Class, satisfying the requirements of Fed. R. Civ. P.

19  23(a)(4);

20          (e)     Jason Standiford is hereby appointed as class representative of the Settlement

21  Class;

22          (f)     The Court hereby appoints Jay Edelson, Rafey S. Balabanian, and

23  Christopher L. Dore of Edelson McGuire, LLC as class counsel, having determined that the

24  requirements of Fed. R. Civ. P. 23 are fully satisfied by their appointment; and

25          (g)     Questions of law and fact common to the members of the Settlement Class,

26  considered in the context of and in light of the settlement, predominate over questions affecting

27  only individual members, and a class action is superior to other methods available for the fair and

28  efficient settlement of the controversy, satisfying the requirements of Fed. R. Civ. P. 23(b)(3).

W02-WEST:5NAP1\404057758.2

-2-

**EXHIBIT E**

1          3.     Notice of the pendency of the Action and the proposed settlement shall be

2    provided to the Settlement Class as specified in the Court's Order Granting Preliminary Approval of

3    Proposed Class Action Settlement, filed herewith.  Any Settlement Class Member may elect not to

4    be a part of the Settlement Class and not to be bound by the Agreement, as set forth in the Notice.

5          4.     The certification of the Settlement Class is contingent on, and for the

6    purposes of, settlement only.  If the settlement does not become final for any reason, Plaintiff and

7    Defendants shall be restored to their respective positions as if no settlement had been reached.

8    Moreover, if the settlement does not become final for any reason, Defendants shall not have waived

9    any objections they may have or may have asserted to the certification of any class.

10         SO ORDERED.

11   Dated: _____ 2011

12

13                                                            LUCY H. KOH
                                                         United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28