|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| SAN JOSE DIVISION | |

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALM, INC., a Delaware corporation, and SPRINT SPECTRUM, L.P., a Delaware limited partnership, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 09-cv-5719 LHK<br><br>[Complaint Filed: Dec. 4, 2009]<br><br>**[PROPOSED]** **ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>**[AS AMENDED BY THE COURT]** |

Plaintiff Jason Standiford having filed a motion under Fed. R. Civ. P. 23(e) for an order preliminarily approving the Settlement Agreement ("Agreement") entered into between Plaintiff and Defendants Palm, Inc. and Sprint Spectrum, L.P.; the said motion having come on for hearing before the above-entitled Court; the Court having reviewed the Agreement and accompanying documents, and considered the oral and written presentations in support of preliminary approval; the Court being fully advised of the premises and good cause appearing therefor, the Court enters its Order and, subject to final determination by the Court as to the fairness, reasonableness and adequacy of the settlement, the Court finds and orders as follows:

1.  The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants.

2.  All defined terms used herein have the meanings set forth for such terms in the Agreement.

<u>Class Certification</u>

3.  Pursuant to Federal Rule 23, the Court certifies the following Class for settlement purposes:

W02-WEST:5NAP1\404057762.2

-1-

**EXHIBIT C**

All Persons and entities in the United States who, between June 1, 2009, and the date of Preliminary Approval, (1) created Palm Profiles for use with Palm Services and their Palm webOS-based mobile phones, (2) stored data on Palm's servers via their Palm webOS-based mobile phones, and (3) experienced Permanent Data Inaccessibility, Temporary Data Inaccessibility or both. Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which Defendants have a controlling interest. Also excluded are any judges to whom this case is or has been assigned and those judges' immediate families.

(a) The Class consists of thousands of members, and is sufficiently large and geographically dispersed that joinder of all Class Members is impracticable, and accordingly satisfies Federal Rule 23(a)(1).

(b) There are questions of law and fact common to the Class that satisfy Federal Rule 23(a)(2). As alleged in this case, all Settlement Class Members share the common issue of having purchased a Palm webOS mobile phone, stored personal data through Palm Services in reliance on Defendants' statements of data accessibility, and thereafter, experienced either Temporary or Permanent Data Inaccessibility.

(c) The injury experienced by Standiford and the other Settlement Class Members occurred in a nearly identical manner and through identical means. Therefore, Standiford's claims are typical of the other class members.

(d) Lead Plaintiff Jason Standiford and his counsel, Edelson McGuire, will fairly and adequately protect the interest of the Class, and accordingly their appointment satisfies Federal Rule 23(a)(4).

(e) Lead Plaintiffs also satisfy the requirements of Federal Rule 23(b)(3) since questions of law and fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this matter.

(f) Lead Plaintiff Jason Standiford is hereby appointed representative of the Class.

(g) Edelson McGuire is appointed class counsel.

W02-WEST:5NAP1\404057762.2

-2-

**EXHIBIT C**

4.	The Court has conducted a preliminary evaluation of the fairness, reasonableness and adequacy of the proposed settlement set forth in the Agreement.  The Court finds that the settlement appears to be the product of serious and informed arm's length negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representative or any members of the Settlement Class; and falls within the range of reasonableness meriting possible final approval.  The Court therefore GRANTS preliminary approval of the Agreement and settlement, subject to further consideration at the Final Approval Hearing described below.

Claims Process and Exclusion

5.	The Court sets a Final Approval Hearing under Fed. R. Civ. P. 23(e)(2), to be held at 1:30 p.m. on May 31, 2012, in Courtroom 4 of the United States District Court for the Northern District of California (San Jose Division), 280 South First Street, San Jose, CA  95113, for the following purposes:

(a)	To determine whether the proposed settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)	To determine whether the Final Approval Order and Judgment, as provided under the Agreement, should be entered, dismissing the First Amended Complaint with prejudice, and whether the release by the Settlement Class of the Released Claims as set forth in the Agreement should be provided to the Released Parties;

(c)	To determine whether Class Counsel's request for an award of attorneys' fees should be granted, and whether an incentive award should be made to the Class Representative; and

(d)	To rule on such other matters as the Court may deem appropriate.

6.	Class Counsel must file their request for an award of attorneys' fees and request for approval of an incentive award to the Class Representative not later than April 18, 2012.

7.	The Parties must file their motion or motions for final approval of the settlement, including responses to objections or other submissions from Settlement Class Members (if any) not later than May 17, 2012.

W02-WEST:5NAP1\404057762.2

-3-

**EXHIBIT C**

8. The Court approves the proposed Notice Plan substantially in the forms attached to the Agreement as Exhibits B1, B2 and B3.

9. Within ten (10) days after the Court issues this Order Granting Preliminary Approval, Palm will provide to the Settlement Administrator email addresses it has for potential Settlement Class Members.  The Settlement Administrator shall then send the Notice to each email address obtained, no later than thirty (30) days after the entry of this Order, unless such date is extended by the Court or by agreement of the Parties.

10. Not later than thirty (30) days after the entry of this Order, the Settlement Administrator shall arrange for publication in *USA Today* (on Monday, Tuesday, Wednesday or Thursday, at Defendants' election) and *PC World* of a 1/8-page Notice, to be published one time.

11. Not later than twenty (20) days after the issuance of this Order, Notice shall be provided on a website to be established and administered by the Settlement Administrator in accordance with the Agreement.

12. At or before the Final Approval Hearing, the Parties must file proof that they have complied with the Notice Plan, in accordance with this Order and as set forth in the Agreement.

13. The Court may, from time to time and without further notice to the Settlement Class, continue or adjourn the Final Approval Hearing.

14. The form and content of the Notice Plan, including the forms of notice set forth in, and attached as exhibits to, the Agreement, satisfy the requirements of Fed. R. Civ. P. 23(c) and (e) and due process with respect to providing members of the Settlement Class notice of the proposed settlement and the Final Approval Hearing; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons entitled thereto.

15. To be eligible to receive Settlement Benefits under the settlement, a Settlement Class Member must complete and submit (by U.S. mail or electronically) a valid Claim Form available on the settlement website, no later than May 29, 2012 (ninety (90) days after Notice is first provided to the Settlement Class) ("Claims Deadline"), and otherwise comply with the terms

1 of the Agreement.  The Claims Administrator must in any event receive Claim Forms within 15
2 days of the Claims Deadline.

3       16.    Fulfillment of claims (including redemption codes for use at the HP Official
4 (online) store and Sprint bill credits), substantially in accordance with the Agreement, will be
5 deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members
6 who fail to submit a timely and valid Claim Form will be forever barred from receiving individual
7 Settlement Benefits under the settlement, will be forever barred from bringing any action against the
8 Released Parties concerning the Released Claims, but will nevertheless be bound by the terms of the
9 Agreement and settlement, including the terms of the Judgment to be entered in this action and the
10 releases provided for in the Agreement.

11       17.    Each person who submits a Claim Form will be deemed to have submitted to
12 the jurisdiction of the Court with respect to the claim.  All proceedings with respect to the
13 administration, processing and determination of claims and the determination of all controversies
14 relating thereto, including disputed questions of law and fact with respect to the validity of claims,
15 will be subject to the jurisdiction of the Court.

16       18.    No person will have any claim against the Class Representative, any member
17 of the Settlement Class, Defendants, the Settlement Administrator, or any of their respective
18 counsel based on payments made or benefits distributed substantially in accordance with the
19 Agreement or further order of the Court.

20       19.    Settlement Class Members will be bound by all determinations and
21 judgments in this action, whether favorable or unfavorable.  To request exclusion from the
22 Settlement Class and not be so bound, a person must mail or otherwise deliver a written exclusion
23 request to the address designated for exclusion requests in the settlement notice (in all its forms),
24 postmarked no later than May 2, 2012 or, if not sent by U.S. mail, received no later than that date.
25 Any exclusion request must state the person's name and address; state that the person wishes to be
26 excluded from the Settlement Class and settlement in this action; and be signed by the person
27 seeking to be excluded.

28

W02-WEST:5NAP1\404057762.2

-5-

**EXHIBIT C**

1    20.    Any member of the Settlement Class who intends to object to the settlement must mail to the Court a written objection that includes his/her name and address, all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), states that he or she is a member of the Settlement Class, and provides a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Notice of intent to be heard orally at the Final Approval Hearing (either personally or through counsel of their choice) must be included with a Settlement Class member's written objection.  Any member of the Settlement Class who fails to timely mail notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as set forth in the Notice, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

21.    All such objections must be sent so they are received by the Court no later than May 2, 2012.  The Court will not consider objections from non-members of the Settlement Class, including persons who have excluded themselves from the Settlement Class.

IT IS SO ORDERED.

Dated: January 26, 2011

                                         *Lucy H. Koh*
                                     LUCY H. KOH
                                    United States District Judge