UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALM, INC., a Delaware corporation, and SPRINT SPECTRUM, L.P., a Delaware limited partnership, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 09-cv-5719 LHK<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND JUDGMENT** |

On May 31, 2012, the Court held a hearing to determine whether the proposed class action settlement in this case between Plaintiff Jason Standiford and Defendants Palm, Inc. and Sprint Spectrum, L.P. should be granted final approval, and a judgment entered under the settlement. The Court has considered all arguments and written submissions made in connection with the matter. There have been no objections, opt-outs, or comments by Settlement Class Members. The Court now finds and orders as follows:

1.   The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants.

2.   All defined terms used herein have the meanings set forth for such terms in the Settlement Agreement dated November 7, 2011 ("Agreement").

3.   Notice of the proposed settlement and the Final Approval Hearing was provided to the Settlement Class in accordance with the Order Granting Preliminary Approval of Proposed Class Action Settlement entered January 26, 2012 ("Preliminary Approval Order").

4.   The Court finds that the settlement is fair, reasonable and adequate, and should be granted final approval under Fed. R. Civ. P. 23(e)(2).

1   5.   No Settlement Class Members submitted an objection to the Settlement in
2   accordance with the deadline and procedures set forth in the Preliminary Approval Order, or
3   excluded themselves from the Settlement Class, and thus all Settlement Class Members are bound
4   by this Order and Judgment, and are forever foreclosed from raising any objections to the
5   Settlement.

6   6.   The Court hereby dismisses the First Amended Complaint in this action with
7   prejudice and without fees or costs, except as provided in the Agreement, and renders judgment in
8   favor of Defendants.

9   7.   Plaintiff and Settlement Class Members are hereby deemed to have fully, finally and
10  forever released, relinquished and discharged the Released Parties from all Released Claims, as
11  more fully set forth in the Agreement, and are permanently barred and enjoined from pursuing any
12  Released Claims against the Released Parties.

13  8.   Defendants and all other Released Parties are hereby deemed to have fully, finally
14  and forever released, relinquished and discharged Plaintiff and Class Counsel from all Released
15  Claims, as more fully set forth in the Agreement, and are permanently barred and enjoined from
16  pursuing any Released Claims against Plaintiff or Class Counsel.

17  9.   For the reasons set forth in the separate Order awarding Class Counsel's Fee Award
18  and Incentive Award, Class Counsel are awarded $ 160,000 in attorneys' fees, costs and
19  expenses, which amount the Court finds fair and reasonable.  This amount will be paid to Class
20  Counsel from the Settlement Fund, as specified in the Agreement.

21  10.  For the reasons set forth in the separate Order awarding Class Counsel's Fee Award
22  and Incentive Award, the Class Representative is awarded $ 1,500 as an incentive award, to be
23  paid from the Settlement Fund, as specified in the Agreement.

24  11.  Neither the Agreement nor the settlement, nor any discussion, act, or document
25  prepared or executed in connection with or in furtherance of the Agreement or settlement, (a) may
26  be used as an admission, concession, or evidence of the validity of any Released Claims or any
27  wrongdoing or liability on the part of Defendants; (b) may be used as an admission, concession, or
28  evidence of any fault, false or misleading statement or omission of Defendants in any civil,

criminal, or administrative proceeding, in any court, administrative agency or other tribunal; or (c) may be used or admitted in evidence for any purpose other than enforcement of the terms of the Agreement or the settlement.

12. Without affecting the finality of this Order and Judgment, the Court retains exclusive jurisdiction over the Parties and Settlement Class Members for all matters relating to this action and the settlement, including the administration, interpretation, implementation or enforcement of the Agreement and this Judgment.

13. The Court finds there is no just reason for delay and expressly directs that Judgment be entered immediately by the Clerk of the Court. The Clerk shall close the file.

SO ORDERED AND ADJUDGED.

Dated: May 31, 2012

*Lucy H. Koh*
HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE