UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON STANDIFORD, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALM, INC., a Delaware corporation, and SPRINT SPECTRUM, L.P., a Delaware limited partnership, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 09-cv-5719 LHK<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FEE AWARD AND INCENTIVE AWARD |

On May 31, 2012, the Court held a hearing to determine whether the proposed class action settlement in this case between Plaintiff Jason Standiford and Defendants Palm, Inc. and Sprint Spectrum, L.P. should be granted final approval, and a judgment entered under the settlement. Additionally before the Court was Plaintiff's Motion for Fee Award and Incentive Award. The Court has considered all arguments and written submissions made in connection with Plaintiff's Motion for Fee Award and Incentive Award, and the Court now finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants. All defined terms used herein have the meanings set forth for such terms in the Settlement Agreement dated November 7, 2011 ("Agreement").

2. The Court approves the Fee Award to Class Counsel in the amount of $160,000, which the Court finds to be fair and reasonable in light of the facts of this case and the results obtained through the litigation. The Court determined this amount to be proper according to the lodestar method of calculating attorneys' fees by finding that Class Counsel's lodestar is reasonable and supported by Class Counsel's sworn declaration and supporting documentation. Class Counsel's fee request is additionally reasonable because Class Counsel's lodestar is in fact higher than the requested award.

1  Specifically, Class Counsel expended 612.4 hours in investigating, litigating, and resolving this case (not including hours expended through final approval) for a submitted lodestar of $226,305. Additionally, Class Counsel set forth the experience of each attorney working on the case and their corresponding billable rate.  The Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates.

3. The Court additionally finds this amount to be reasonable in that it represents 25% of the $640,000 common fund established for the benefit of the Class.  In this Circuit, a 25% fee is the accepted "benchmark" in common fund cases, and is therefore reasonable in light of the relevant factors.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

4. Class Counsel's total Fee Award is also inclusive of $19,022 in costs, which is likewise reasonable based on the documentation and sworn declarations submitted.

5. Such payment to Class Counsel shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

6. The Court approves the payment of $1,500 to the Class Representative Jason Standiford as an incentive award for taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

7. The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

SO ORDERED AND ADJUDGED.

Dated: May 31, 2012

_____
HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE